Victor G. **ANDERSON**, Plaintiff,

v.

**PICTORIAL PRODUCTIONS, INC.,**
Defendant.

United States District Court
S. D. New York.
July 28, 1964.

Reeves, Todd, Ely & Beaty, New York City, for plaintiff, William Hoppen, New York City, of counsel.

Arthur A. March, New York City, for defendant.

TYLER, District Judge.

Defendant having moved under Rule 12(b) (6), F.R.Civ.P., to dismiss the second count of this complaint upon the ground that it does not set forth a justiciable controversy, and, hence, fails to state a claim upon which relief can be granted, and both parties having submitted affidavits and other materials beyond the pleadings, this motion is treated as one for summary judgment pursuant to Rule 56, F.R.Civ.P. Since I conclude that a justiciable controversy exists, the motion is denied.

Plaintiff is the former president and general manager of defendant corporation. In the first count of his complaint, which is not involved here, he asks damages for defendant's allegedly wrongful termination of his employment in those capacities. In the second count, he prays for a declaratory judgment that he is free to compete and to seek to compete with defendant without becoming liable for divulging any of defendant's claimed trade secrets, which, says plaintiff, actually are not trade secrets at all. Plaintiff claims that absent such a declaratory judgment, he is and will be unable to find gainful employment in his only area of expertise, that of lenticular optics, and that defendant, which is a significant manufacturer and seller of "three dimension lenticular screen cards and displays", has effectively threatened him with suit in the event that he seeks such employment elsewhere.

More specifically, plaintiff incorporates by reference in his complaint a letter of his counsel on his behalf to defendant dated March 12, 1964 and defendant's reply thereto dated March 20, 1964. Plaintiff's letter in substance advised defendant's directors that failing satisfactory renegotiation of plaintiff's three year employment contract of August 10, 1961, which allegedly was terminated by defendant on or about May 23, 1963, plaintiff would be obliged to take legal action to enforce his rights and to seek other employment wherein he would be, in all frankness, in competition with defendant in the field of lenticular optics. Defendant's reply, among other things, took umbrage with plaintiff's asserted right to compete with it and with his claim that it possesses no trade secrets. It affirmatively asserted that its manufacturing processes were trade secrets and warned, " * * * if Mr. Anderson commences to compete with Pictorial and uses any processes of Pictorial, * * * an immediate application for a temporary and permanent injunction will be made".

■ The complaint contains no specific allegations that plaintiff has sought other employment but that such employment has been denied him by reason of defendant's threat to sue as aforesaid. Largely for this reason, defendant argues that there is no immediate and actual controversy of substance between the parties and that thus plaintiff in effect is seeking only an advisory opinion from the court, which, of course, is not permitted by either Article III of the Constitution or the statute (28 U.S.C. § 2201).

■ Conceding that plaintiff's pleading lacks some of the precision and specifics which would be desirable, I think defendant takes too narrow and formalistic a view of the matter. Plaintiff does state in his opposing affidavit that he has been barred by defendant's "threats" from obtaining another position despite his attempts to do so since the exchange of letters in March of this year. Beyond this, it is to be noted that defendant in its reply letter of March 20 effectively asserts that "any" of its processes are secret—i. e. even its processes which are not within its "process" patent issued to plaintiff some years ago and assigned by him to defendant corporation. Thus, plaintiff is in the unhappy position of having to either accept renegotiation of his employment contract with defendant or seek employment elsewhere in the field of lenticular optics with knowledge that defendant claims that all of its processes in this field are trade secrets. Particularly in view of the broad purposes of the Declaratory Judgment Act, these are circumstances which, as a practical matter, give rise to an existing justiciable controversy between the parties.

■ By way of a postscript, mention should be made of the request of plaintiff's counsel, set forth in his affidavit opposing defendant's motion, that a prompt trial of the declaratory judgment claim be had pursuant to Rule 57, F.R. Civ.P. Assuming, without deciding, that this issue has been properly raised, I do not find on this record any compelling reason to grant such relief. The facts that plaintiff waited almost one year before looking for other employment and sending his "claim" letter to defendant suggest that this matter may not be so urgent as to justify priority over other litigants in this court.

Accordingly, defendant's motion, treated as one for summary judgment, is denied. Plaintiff's application for a priority hearing of the declaratory judgment claim is denied upon this record, without prejudice, however, to another application for such relief in accordance with the rules and upon additional facts.

So ordered.