**Robert A. BRUHN, Catherine Berkebile Poorbaugh, G. Arnold Brooks, John D. Cole, Paul E. Green, Edward Holmes and Charles R. Owens, Herman K. Kleckley, Fred Knop, Jack Madison and H. V. Modlin, Sr., Plaintiffs,**

v.

**STP CORPORATION, Defendant.**

**Civ. A. No. C–1940.**

United States District Court, D. Colorado.

June 1, 1970.

Zall, Zall & Henry, by Lawrence M. Henry, Denver, Colo., for plaintiffs.

Davis, Graham & Stubbs, by Robert H. Harry, Denver, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

WILLIAM E. DOYLE, District Judge.

This action is brought by 11 named plaintiffs who seek a declaratory judgment that the noncompetition clauses in their contracts with defendant are invalid. Defendant has interposed a motion to dismiss for lack of jurisdiction on the ground that plaintiffs' complaint fails to reveal the existence of a "case or controversy" within the meaning of Article III of the U.S. Constitution. Both parties have fully briefed the issues presented by defendant's motion and they are now ready for resolution.

Plaintiffs' original complaint alleged that on or about September 1968, each of them entered into a separate employment contract with the defendant. Each of these contracts contained the following provision:

> Employee agrees that during the Employment Period, and for one (1) year thereafter, he will not directly or indirectly solicit business competitive to STP Products from any customers of STP in the Territory, and that during such period, Employee will not become interested in or associated directly or indirectly as principal, agent, or employee, with any person, firm or corporation which (a) may solicit business competitive to STP Products from such customers or (b) may be engaged in any business similar to the type of business conducted by STP.

Plaintiffs then alleged that the above provision is against public policy and that this Court should so hold.

Defendant moved to dismiss plaintiffs' complaint for lack of a present case or controversy. This motion was granted by this Court on March 13, 1970, and plaintiffs were given five days to file an amended complaint.

Plaintiffs have filed an amended complaint which restates all the facts alleged in the original complaint along with two additional paragraphs. The first of these alleges that each of the plaintiffs

> desires to and intends to engage in directly or indirectly soliciting business competitive to STP Products from customers of STP Products in their respective territories and do intend to become interested in or associated directly or indirectly as principal, agent, or employee, with persons, firms or corporations (a) which may solicit business competitive to STP Products from such customers or (b) may be engaged in any business similar to the type of business conducted by STP. * * *

The second additional paragraph alleged that plaintiffs requested that defendant release them from the noncompetition provision in their contracts and defendant refused.

Defendant has renewed his motion to dismiss, claiming that the additional allegations in the amended complaint do not serve to cure the fatal defect present in the original complaint; that plaintiffs have again failed to establish the existence of

> a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. Keener Oil & Gas Co. v. Consolidated Gas Utilities Corp., 190 F.2d 985, 989 (10th Cir. 1951).

■ Although the Declaratory Judgment Act, 28 U.S.C. § 2201, created new procedural remedies, it did not expand the jurisdiction of the federal courts.

Thus, an actual case or controversy must exist between the parties before the court may constitutionally proceed. A case or controversy has been defined succinctly by Mr. Justice Hughes in the context of a declaratory judgment action as follows:

> A "controversy" * * * must be one that is appropriate for judicial determination. A justiciable controversy is thus distinguished from a difference or dispute of a hypothetical character; from one that is academic or moot. The controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests. * * * It must be a real and substantial controversy admitting of specific relief through a decree of conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts. Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 229, 240–241, 57 S.Ct. 461, 464, 81 L.Ed. 617 (1937).

■ One element of the above definition of case or controversy is ripeness—a case or controversy exists only where the danger or dilemma of the plaintiff is present and not contingent on the happening of hypothetical future events. E. Borchard, Declaratory Judgments 56 (Second ed. 1941). It is this element which we conclude is lacking in the dispute presently before us.

■ Basically, disputes involving covenants restricting competition and statutory protection against competition (for example, under the patent laws [1]) may be placed in one of three general categories for the purpose of determining whether the requirement of ripeness is met. The first category consists of those disputes where the alleged liability creating act has already occurred. This would be the case, for example, where the plaintiff has already engaged in a business violative of a covenant not

---

[1] Although a suit for breach of a covenant not to compete arises out of contract while a patent infringement suit is statutory in nature, the conduct which creates a case or controversy for purposes of declaratory relief is similar in both instances.

to compete or has produced and/or marketed a product which assertedly infringed upon an existing patent. Absent declaratory relief the party who allegedly breached the covenant not to compete or infringed the patent would be required to wait until the adverse party brought suit before he could secure a judicial determination of the propriety of his conduct. One of the main purposes of the Declaratory Judgment Act was to allow a party to bring an action asserting his "nonliability" in such a situation. *See* E. Edelmann & Co. v. Triple-A Specialty Co., 88 F.2d 852 (7th Cir. 1937), cert. den., 300 U.S. 680, 57 S.Ct. 673, 81 L.Ed. 884 (1937).

■ The federal courts have viewed the Declaratory Judgment Act as remedial and have given it a liberal interpretation in order to carry out its purpose. They have, therefore, normally granted declaratory relief in a second category of disputes—where an immediate controversy exists even though the act which will allegedly create liability has not as yet occurred. Such a situation arises where one or both parties have taken steps or pursued a course of conduct which will result in " 'imminent' and 'inevitable' litigation, provided the issue is not settled and stabilized by a tranquilizing declaration." E. Borchard, Declaratory Judgments 57 (Second ed. 1941). Thus, in Proler Steel Corp. v. Luria Brothers & Co., Inc., 223 F.Supp. 87 (S.D.Tex.1963), the court found a case or controversy existed where a patentee brought an action for declaratory relief against a company which had begun the construction of a plant designed to practice a process which would allegedly infringe plaintiff's patent. In Anderson v. Pictorial Productions, Inc., 232 F.Supp. 181 (S.D.N.Y.1964), plaintiff sought a declaratory judgment that he was free to compete with defendant without becoming liable for divulging any of defendant's trade secrets. The court found that the dispute had crystallized into a case or controversy because the defendant had threatened suit in the event plaintiff sought employment elsewhere in the field of lenticular optics. The court emphasized the fact that defendant had claimed that all its processes were secret, and the breadth of this claim coupled with the threat of suit provided the necessary ripeness even though the complaint contained no specific allegations that plaintiff had sought other employment, but that such employment had been denied him by reason of defendant's threat.

We must conclude that the present dispute does not fall within either the first or second category described above, but rather within a third category which includes those disputes which are not yet ripe for adjudication. The act which would allegedly result in liability—plaintiffs' acceptance of employment in violation of the covenant—has not yet occurred. Also, none of the parties have taken steps or pursued a course of conduct which will necessarily lead to litigation in the immediate future. Plaintiffs' complaint does not allege that they have sought employment or begun preparations to sell or distribute products competitive to STP. It does not allege that defendant has threatened suit. Answers to interrogatories which have been filed by five of the plaintiffs indicate that they wish to sell or distribute products competitive to STP, but that none of them have any associates or business organizations with whom they plan to carry out such activities. Furthermore, none of the plaintiffs who have submitted answers to defendant's interrogatories have done anything to date regarding any such proposed activities. It is therefore clear that the plaintiffs are merely apprehensive, but have not nevertheless even begun to pursue a course of action which would lead them down the path toward litigation.

It is true that the defendant has refused to release plaintiffs from the terms of the covenant not to compete, but this in and of itself does not produce a case or controversy within the meaning of Article III of the U.S. Constitution. Possibly the acts of one party may crystallize the dispute sufficiently to war-

rant declaratory relief, *see e. g.,* Anderson v. Pictorial Productions, Inc., *supra,* but more is required than a mere refusal to release the plaintiff from the terms of a covenant not to compete. In the present dispute, there has been no threat of suit by the defendant, nor has the defendant claimed that any action heretofore taken by plaintiffs has resulted or will result in the immediate future in a breach of the covenant.

For the foregoing reasons we have to conclude that the amended complaint does not presently describe a case or controversy cognizable under the Declaratory Judgment Act. The defendant's motion to dismiss for lack of jurisdiction should be and the same is hereby granted.

The Clerk is directed to dismiss the complaint and unless the plaintiffs notify the Court within ten days that they can file a complaint describing a cognizable controversy, the cause of action will also be dismissed.