**PROLER STEEL CORPORATION,**
Plaintiff,

v.

**LURIA BROTHERS & COMPANY, Inc.,**
Defendant.

### Civ. A. No. 14675.

United States District Court
S. D. Texas,
Houston Division.

Sept. 17, 1963.

Butler, Binion, Rice & Cook, Houston, Tex. (John L. McConn, Jr., and Ned L. Conley), Houston, Tex., for plaintiff.

Baker, Botts, Shepherd & Coates, Houston, Tex. (Garrett R. Tucker, Jr.), Houston, Tex., and Brumbaugh, Free, Graves & Donohue (Eben M. Graves), New York City, for defendant.

INGRAHAM, District Judge.

This action is now before the court, after oral hearing, on a motion to dismiss. Plaintiff, Proler Steel Corporation, filed a suit for declaratory judgment, alleging that defendant, Luria Brothers & Company, Inc., has begun the construction of a plant in California which is designed to practice a process, and with the intent to practice a process, which will infringe plaintiff's Reissue Patent No. Re. 25,034. The particularities of the patented process are only relevant to the disposition of the pending motion to a limited extent and will not be set out herein. Upon learning of the plant construction, the plaintiff notified defendant that if it were felt that the aforementioned patent would be infringed, plaintiff would take every step provided by law to protect its rights. The defendant responded that it was satisfied that it would be able to produce its product without infringing plaintiff's legal rights. However, the defendant failed to respond to plaintiff's request for information as to how the proposed process differed from the process covered by the reissue patent. Plaintiff then filed this suit, praying for declaratory adjudication, injunctive relief, and any damages which might accrue, as well as costs. Jurisdiction was alleged to exist under Title 28 U.S.C.A. § 1338(a), and venue was laid in accordance with Title 28 U.S.C.A. § 1391(c). Defendant moved to dismiss, presenting three questions for determination—two relating to jurisdiction and one relating to venue.

(1) Defendant first contends that this action is in reality a suit for patent infringement, and as such, is based solely on Title 35 U.S.C.A. § 281, which provides: "A patentee shall have remedy by civil action for *infringement* of his patent." (emphasis added) It is urged that since there is no allegation

of infringement made in the complaint, the case should not be heard. And the law is well settled that as a condition precedent to the right of a patent holder to maintain an action for infringement of his patent, it must be established that the defendant has committed some act of infringement after the patent issued, prior to the institution of the suit and before the expiration of the statute of limitations. E. g., Minnesota Mining & Mfg. Co. v. Plymouth Rubber Co., 178 F.Supp. 591 (N.D.Ill.1959); Rohm & Haas Co. v. Permutit Co., 114 F.Supp. 846 (D.Del.1953).

■ However, this particular suit clearly was instituted in order to prevent the defendant from pursuing a course of action allegedly designed to result in *future* infringement. The plaintiff freely admits that there has been no past infringement by this defendant. And on that basis this suit for declaratory judgment was instituted in accordance with Title 28 U.S.C.A. § 2201.[1] This provision of the code is remedial, however, and doesn't contain an elaboration or definition of jurisdiction or venue. The plaintiff, therefore, relies for jurisdiction on Title 28 U.S.C.A. § 1338(a), which provides:

"The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, copyrights and trade-marks. Such jurisdiction shall be exclusive of the courts of the states in patent and copyright cases."

It is the position of plaintiff that while this suit is not for patent infringement within the meaning of the cases relied upon by the defendant, it is a suit for a declaratory judgment relating to patent rights. Putting aside, for the moment, considerations of the question of justiciable controversy, there would seem to be

no good reason for denying declaratory relief to a patentee. The very fact that the declaratory judgment provision is remedial calls for a liberal interpretation of the section. A patentee should not be denied the use of this remedy simply because he has another remedy available after there has been actual infringement.

Defendant urges, however, that to provide such a remedy would flood the courts with "baseless and unnecessary litigation." This charge is often used whenever a remedial extension is proposed or effected. It is difficult to understand why such litigation would be "baseless and unnecessary" when initiated by the patentee and not so when begun by the alleged infringing or potentially infringing party. Yet this is the position the defendant takes. And this argument ignores the language of Section 2201 that the courts may "declare the rights and other legal relations of *any interested party* seeking such declaration." (emphasis added) This action for declaratory judgment, then, is not the same thing as a suit for patent infringement, and there need be no allegation of actual infringement in order to give the court jurisdiction.

■ (2) The second ground on which defendant moves to dismiss the complaint is that it fails to allege the existence of an actual controversy. Unquestionably, such is an essential allegation. This is really little more than a *recognition* that the federal judicial power extends only to "cases" or "controversies" in the constitutional sense. The fundamental test as to whether there is an actual controversy within the meaning of the declaratory judgment section is whether the plaintiff seeks merely advice or whether a real question of conflicting legal interest is presented for a judicial determination. See Simmonds Aerocessories, Ltd. v. Elastic Stop Nut Corp. of

---

1. "In a case of actual controversy within its jurisdiction, except with respect to Federal taxes, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such."

America, 257 F.2d 485 (3rd Cir. 1958). Of course the controversy should be of sufficient immediacy and reality to warrant a declaratory judgment. Evers v. Dwyer, 358 U.S. 202, 79 S.Ct. 178, 3 L.Ed.2d 222 (1958). And it is to this question of immediacy that the thrust of defendant's argument is directed. It is contended that allowing a declaratory judgment as to future conduct is to ignore this factor in the requirement of justiciability.

It would best be noted at this point that both parties admit the absence of any cases presenting the exact same questions as those presently before this court. However there are cases in a slightly different posture which are of some significance in analyzing this particular argument. The primary use made of the declaratory judgment provision in patent suits has been in situations where the patentee has charged his adversary with patent infringement, but has failed to formally file suit. Prior to the enactment of Sec. 2201, the party so charged was helpless to determine his legal rights until the patentee brought suit. He was subject to harassment and the accrual of damages which otherwise might have been avoidable. With the enactment of the declaratory judgment provision, the alleged infringer was given an entry into court to obtain a judicial determination of the rights and relations of the parties. However, the courts required that the defendant patentee in these suits have made some charge of infringement. See, e. g., Aralac, Inc. v. Hat Corp. of America, 166 F.2d 286 (3rd Cir. 1948) ; Treemond Co. v. Schering Corp., 122 F.2d 702 (3rd Cir. 1941).

■ It has also been repeatedly held that *actual* manufacture, use or sale is not essential, and that it is sufficient if the party charged is *about to infringe* or take some action which is prejudicial to the interests of the patentee. Welch v. Grindle, 251 F.2d 671 (9th Cir. 1957) ; also see, Dewey & Almy Chemical Co. v. American Anode, Inc., 137 F.2d 68 (3rd Cir. 1943), cert. den. 320 U.S. 761, 64 S.Ct. 70, 88 L.Ed. 454 (1943). The courts clearly feel that there is an immediate controversy in these cases even though actual infringement has not taken place. There should not be a different disposition of the question depending on which party initiates the suit for declaratory judgment. Such would be the result, however, if the court were to rule that no controversy existed in the instant case. This court is no more being asked for an advisory opinion than were the courts in the cases cited above. There is a sufficient justiciable controversy existing under the facts of the instant case.

■ (3) The final ground which is urged for dismissal is that venue is improper. Plaintiff is a corporation organized and existing under the laws of the State of Texas, and has its principal place of business in Houston, Texas. Defendant is a corporation organized and existing under the laws of the State of Delaware, and also has a place of business in Houston. It is undisputed that if venue lies under the general provisions of Sec. 1391(c) [2] then the suit is properly brought in this court. The defendant, however, denies the applicability of Sec. 1391(c) and relies on the holding of the Supreme Court in Fourco Glass Co. v. Transmirra Products Corp., 353 U.S. 222, 77 S.Ct. 787, 1 L.Ed.2d 786 (1957), to substantiate his argument. In that case, the court held that Title 28 U.S.C.A. § 1400(b) set forth the sole and exclusive provision controlling venue in patent infringement actions, and that it was not to be supplemented by the provisions of 1391(c). Under 1400(b), a civil action for patent infringement may be brought only where the defendant resides,[3] or

2. "A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes."

3. "Reside" was interpreted as meaning the district of the state wherein a corporate defendant is incorporated.

where the defendant has committed acts of infringement and has a regular and established place of business. It is clear that if this were a suit for patent infringement, venue would not lie with this court, even though licensed to do business in the district. However, as has been discussed above, this is not a suit for patent infringement, but is rather a declaratory judgment action concerning patents.

Defendant points to authority, on the other hand, which says that where declaratory judgment actions are, in effect, actions for patent infringement, then venue is controlled by 1400(b), and this court has no argument with that conclusion. But the cases in which that line of reasoning has been applied, and on which the defendant relies so as to support its argument,[4] are inapposite to the instant case. Certainly where there is an allegation of actual patent infringement, the patentee should not be allowed to defeat the venue requirements of 1400(b) by the form in which he brings his action. But there is no such allegation in this case; indeed such is vigorously denied by both parties to the litigation.

The case of DeLuxe Game Corp. v. Wonder Products Co., 157 F.Supp. 696 (S.D.N.Y.1957), explicitly considered the meaning of "patent infringement" as used in 1400(b). The court concluded:

> "That phrase ('civil action for patent infringement') is not to be equated with such language as 'civil action involving patent infringement' or 'civil action relating to patent infringement' or 'civil action arising under any Act of Congress relating to patents.
>
> \* \* \* \*
>
> "That phrase does not apply to other classes of actions whose subject matter may nevertheless involve or relate to patents.'" 157 F.Supp. pp. 699–700.'"

4. Carbide & Carbon Chemicals Corp. v. United States Industrial Chemicals, 140 F.2d 47 (4th Cir. 1944); Clayton v. Swift & Co., 132 F.Supp. 154 (E.D.Va.

This seems the wisest solution to the problem. Neither 1400(b) nor 1391(c) should be totally emasculated by the other. The two sections can be read so that each serves its own unique function. In this manner only suits for patent infringement fall within the terms of 1400(b), and other suits relating to patents may have their venue determined by 1391(c).

Each of the grounds urged for dismissal by the defendant, therefore, must fail. Both jurisdiction and venue are well founded. The motion to dismiss will be denied. The clerk will notify counsel to draft and submit appropriate order.

1955). In neither of these two cases was the venue question actually decided. It was discussed fairly extensively in dictum, however.