**AUTOMATION SYSTEMS, INC., Plaintiff,**

v.

**INTEL CORPORATION, Defendant.**

**Civ. No. 80–106–D–1.**

United States District Court,
S. D. Iowa,
Davenport Division.

Dec. 9, 1980.

William H. Dailey, Califf, Harper, Fox & Dailey, Moline, Ill., John Cameron McNett and Thomas Q. Henry, Woodard, Weikart, Emhardt & Naughton, Indianapolis, Ind., for plaintiff.

Roger S. Borovoy, Santa Clara, Cal., Robert Waterman, Lane & Waterman, Davenport, Iowa, for defendant.

### RULING AND ORDER

STUART, Chief Judge.

Defendant Intel Corporation ("Intel") filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(3) and (6) on October 16, 1980. Plaintiff Automation Systems, Inc. ("Automation") resisted the motion on October 29, 1980. The Court hereby limits consideration in this order to Intel's request for dismissal under Federal Rule of Civil Procedure 12(b)(6).

Defendant Intel is involved in the manufacture of microcomputer chips, a tiny chip that performs functions similar to those of a room size computer. Plaintiff Automation holds a patent on a Programmable Logic Controller which is used to control industrial equipment. According to the complaint which alleges jurisdiction under 28 U.S.C. § 1332 and contains a request for declaratory and injunctive relief, Automation fears that Intel's new microcomputer chip 8051, which allegedly will be on the market soon, will be purchased by some of its customers for placement in its Programmable Logic Controller. Plaintiff contends that the defendant's promotion and future marketing of these chips results in an immediate threat of patent infringement in violation of 35 U.S.C. § 271, and constitutes unfair competition as well as interference with corporate opportunities under state tort law.

■ In its motion, defendant Intel first argues that the complaint must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) since there has been no patent infringement nor inducement to infringe. Defendant notes that it has only advertised the new product, but has not yet sold or manufactured it. The Court must reject this argument. The plaintiff does not claim that there has been an actual infringement as a result of defendant's activities. Instead, plaintiff claims that defendant's actions constitute a clear and immediate threat of future infringement resulting in its present injury. Thus, the plaintiff seeks relief not through a patent infringement action but rather through a suit seeking declaratory relief.

The Court recognizes that in the area of patent law declaratory judgment actions are usually vehicles used by an alleged infringer to force a determination of the validity of a patent or the infringing character of its product after the patentee has charged him with patent infringement. A patentee, however, should not be denied the same remedy if the threat of infringement is sufficient to constitute an "actual controversy". See *Proler Steel Corp. v. Luria Brothers & Co.*, 223 F.Supp. 87, 90 (S.D.Tex. 1963); *Pullman Incorporated v. W. R. Grace & Co.*, 437 F.Supp. 1062 (W.D.Okl.1976).

This conclusion is consistent with the purpose of declaratory judgment acts:

The courts have stated that the primary purpose of declaratory judgment acts is to relieve litigants of the common-law rule that no declaration of rights may be judicially adjudged unless a right has been violated for the violation of which relief may be granted, and to render practical help in ending controversies which have not reached the stage where other legal relief is immediately available. In other words, the purpose of declaratory relief is to liquidate uncertainties and controversies which might result in future litigation. Thus, parties between whom an actual controversy exists or between whom litigation is inevitable are enabled to have the issues speedily determined where their determination would be delayed to the possible injury of the one or the other if they were compelled to await the course of ordinary judicial proceedings. Such statutes are designed to supply the need of a form of action that will set controversies at rest before they lead to repudiation of obligations, invasion of rights, and the commission of wrongs. In short, the remedy is one to be used in the interests of preventive justice, to declare rights rather than execute them.

. . . . .

The real value of declaratory judgments has been said to lie in the fact that in cases coming within their scope they enable parties to have their rights and obligations determined without either of them being obliged to assume the responsibility and the risk of acting upon his view of the matter and thus repudiating what may subsequently be held to be his obligations or violating what may be held to be the other party's rights.

A. Deller, Walker on Patents, § 176 pp. 65–66 (2d Ed. 1973). If an actual controversy exists in a case initiated by a patentee against a putative infringer, then it is to the benefit of both parties to have the issue adjudicated immediately. It will be to no one's advantage to wait for a consideration of the infringing character of a product or process until the actual infringement takes place since this only serves to increase the resulting potential economic harm. Thus, immediate review of the patent infringement issue provides both parties with a determination of their rights and obligations upon which they can rely in assessing future behavior with respect to the product or process in question.

■ Defendant next argues, however, that there exists no actual controversy warranting consideration of a request for declaratory relief under 28 U.S.C. § 2201. The requirement of an "actual controversy" contained in the Declaratory Judgment Act is necessary to meet the constitutional mandate that federal courts consider only "cases" or "controversies". *Sherwood Medical Industries, Inc. v. Deknatel, Inc.*, 512 F.2d 724, 726 (8th Cir. 1975). This constitutional requirement limits the court's power to hear only suits involving a "real and substantial" controversy between parties having adverse legal interests. *Aetna Life Insurance Co. v. Haworth*, 300 U.S. 227, 240–41, 57 S.Ct. 461, 463–64, 81 L.Ed. 617 (1937); *Super Products Corp. v. D. P. Way Corp.*, 546 F.2d 748, 753 (7th Cir. 1976). This Court must determine if the facts of the case before it allege a controversy of "sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273, 61 S.Ct. 510, 512, 85 L.Ed. 826 (1941). See also *Super Products Corp.*, 546 F.2d at 753.

The Court is of the opinion that at this preliminary stage it appears that an "actual controversy" exists for púrposes of 28 U.S.C. § 2201.

The defendant relies on the decisions in *Pullman Inc. v. W. R. Grace & Co.*, supra, and *Proler Steel Corp. v. Luria Brothers & Co.*, supra, as support for its contention that an "actual controversy" does not exist. In *Pullman Inc.*, supra, plaintiff alleged that a process intended to be performed in defendant's ammonia plant would infringe its patent. The court denied its request for declaratory relief on the ground there was not sufficient "immediacy based on purported future acts of infringement" to constitute a

controversy; such controversy would not exist, according to the Court, until the process was in operation. *Pullman, Inc.*, 437 F.Supp. at 1066.

In *Proler Steel Corp.*, supra, a patentee sought declaratory relief for threatened patent infringement based upon the building of a plant designed to practice an allegedly patented process. Plaintiff notified defendant of its opinion that the project would result in infringement. Defendant responded by indicating that its process differed from the patented one, but refused to indicate how it differed. The court held that a sufficient controversy existed and reasoned that an actual infringement need not take place before a controversy of sufficient immediacy can be found. *Proler Steel Corp.*, 223 F.Supp. at 90.

Contrary to defendant's contention, the Court does not believe that there need be communication between the patentee and the alleged infringer as found in *Proler Steel Corp.*, supra, to support a finding of "actual controversy". Instead, the Court must determine "if the party charged is *about to infringe* or [has taken] some action which is prejudicial to the interests of the patentee." *Proler Steel Corp.*, 223 F.Supp. at 90. Plaintiff alleges that sales literature describing the product in question has been widely distributed, that samples will soon be available and orders will soon be solicited, and that the product will be available early in the upcoming year. These allegations illustrate that the product in question is sufficiently near production and marketing so as to represent an immediate threat to Automation's interest in its patent. Therefore, the Court finds that these allegations indicate there exists a controversy of "sufficient immediacy and reality" to justify its initial consideration of plaintiff's request for declaratory judgment. These allegations distinguish the case at bar from *Pullman Inc.*, supra, where the court determined the possibility of future infringement was not sufficiently imminent or immediate. *Pullman Inc.*, 437 F.Supp. at 1066.

If, however, at a later date the defendant believes that there in fact does not exist an immediate controversy, the Court would entertain a motion for summary judgment supported by affidavits on that basis.

IT IS THEREFORE ORDERED that defendant's Motion to Dismiss is denied insofar as it seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6).