895 F.2d 761
 13 U.S.P.Q.2d 1820
 Thomas G. LANG and Swath Ocean Systems, Inc., Plaintiffs-Appellants,
v.
PACIFIC MARINE AND SUPPLY CO., LTD. (d/b/a "Pacific
Marine"), Pacific Marine and Engineering Science
Corp. (d/b/a "Pameso"), and Thompson
Metal Fabricators, Inc.,
Defendants-Appellees.
 No. 89-1297.
 United States Court of Appeals,
Federal Circuit.
 Feb. 5, 1990.
Rehearing Denied March 6, 1990.
 
 John A. Hughes, Townsend & Townsend, San Francisco, Cal., argued, for plaintiffs-appellants. Charles E. Townsend, Jr., Townsend & Townsend, San Francisco, California, was on the brief, for plaintiffs-appellants. Also on the brief was Timothy D. Kelley, Rancho Santa Fe, Cal., of counsel.
 Pasaquale A. Razzano, Curtis, Morris & Safford, P.C., New York City, argued, for defendants-appellees.
 Before FRIEDMAN, Senior Circuit Judge,[1] and BISSELL[2] and MAYER, Circuit Judges.
 BISSELL, Circuit Judge.
 
 
 1
 Thomas G. Lang and Swath Ocean Systems, Inc. (Swath Ocean) (collectively Lang) appeal the order of the United States District Court for the District of Hawaii, Lang v. Pacific Marine & Supply Co., 703 F.Supp. 1404, 10 USPQ2d 1058 (D.Haw.1989), dismissing Lang's complaint against Pacific Marine and Supply Co., Ltd. (Pacific Marine & Supply), Pacific Marine and Engineering Science Corp., and Thompson Metal Fabricators, Inc. (Thompson Metal) (collectively Pacific Marine). We affirm.
 
 BACKGROUND
 
 2
 Thomas Lang and Swath Ocean are patentee and licensee, respectively, of United States Patents No. 3,897,744 ('744) and No. 3,623,444 ('444) which claim certain features of a ship's hull. Lang sued Pacific Marine on April 25, 1988, asserting five counts as grounds for relief. At the time suit was filed, Thompson Metal was in the process of manufacturing a hull structure for Pacific Marine & Supply that Lang contends would, when finished, infringe its patent. The vessel was not scheduled to be completed and ready for final Coast Guard inspection until February 1989.
 
 
 3
 In Count I of the complaint, Lang sought a declaratory judgment that Pacific Marine's acts constituted patent infringement and/or threatened infringement. Count II sought an injunction on the theory that Pacific Marine's acts constituted a threatened trespass on Lang's patent rights. Count III alleged that Pacific Marine & Supply had publicly stated that the completed vessel would be covered by Pacific Marine's own United States Patent No. 4,174,671 ('671). Lang asserted that those statements were false and therefore constituted false patent marking under 35 U.S.C. Sec. 292 (1982). Count IV alleged that Pacific Marine & Supply had violated Section 43(a) of the Lanham Act, 15 U.S.C. Sec. 1125(a) (1988), by falsely advertising that the engineering firm of Donald Higdon and Associates was the principal designer of the ship's control systems. Based on that allegedly false advertising, Count V asserted that Pacific Marine and Supply had engaged in unfair methods of competition prohibited by Hawaii law.
 
 
 4
 Pacific Marine moved to dismiss all the counts for lack of subject matter jurisdiction and/or failure to state a claim under Federal Rules of Civil Procedure 12(b)(1) and (6). The district court granted the motion and dismissed Lang's complaint. Lang appeals the dismissal of Counts I through IV.
 
 ISSUES
 
 5
 Whether the district court erred in dismissing Counts I through IV of Lang's complaint for either lack of subject matter jurisdiction or failure to state a claim.
 
 OPINION
 
 6
 Count I--Declaratory Judgment of Threatened Infringement
 
 
 7
 Declaratory judgment actions in the patent area are most commonly brought by potential infringers against patentees seeking a declaration of noninfringement or invalidity or both. 10A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure Sec. 2761, at 671 & n. 4 (2d ed. 1983) [hereinafter Wright & Miller]. Declarations of infringement sought by patentees against parties who will allegedly infringe in the future have been less frequently requested, but have nevertheless been allowed to proceed. See, e.g., Erbamont Inc. v. Cetus Corp., 720 F.Supp. 387, 390, 12 USPQ2d 1344, 1347 (D.Del.1989); Westnofa USA Inc. v. British Design (U.S.A.) Corp., 222 USPQ 136, 138, 1983 WL 420 (N.D.Ill.1983); Automation Sys., Inc. v. Intel Corp., 501 F.Supp. 345, 348, 209 USPQ 573, 575 (S.D.Iowa 1980); Proler Steel Corp. v. Luria Bros. & Co., 223 F.Supp. 87, 90, 139 USPQ 169, 172 (S.D.Tex.1963); see also 5 D. Chisum, Patents Sec. 21.02[D], at 21-46.2 to 21-48 (1989 & Supp. Aug.1989) [hereinafter Chisum]; Ninth Annual Judicial Conference of the United States Court of Customs and Patent Appeals, 94 F.R.D. 350, 408 (1982) (statement of Jack C. Goldstein); contra Ecodyne Corp. v. Croll-Reynolds Eng'g Co., 491 F.Supp. 194, 196, 206 USPQ 601, 603 (D.Conn.1979); Pullman, Inc. v. W.R. Grace & Co., 437 F.Supp. 1062, 1066, 192 USPQ 464, 468 (W.D.Okla.1976). Lang's Count I seeks a declaration of the second type--"that any ship constructed in accordance with the disclosure of said Pacific Marine '671 patent will of necessity, infringe one or more claims of the Lang '444 and '744 patents." Whether a patentee may maintain such an action is a question of first impression for this court.
 
 
 8
 The Declaratory Judgment Act, 28 U.S.C. Sec. 2201 (1982 & Supp. V 1987), "enlarge[s] the range of remedies available in the federal courts but d[oes] not extend their jurisdiction." Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671-72, 70 S.Ct. 876, 878-79, 94 L.Ed. 1194 (1950). "The sole requirement for jurisdiction under the Act is that the conflict be real and immediate, i.e., that there be a true, actual 'controversy' required by the Act." Arrowhead Indus. Water, Inc. v. Ecolochem, Inc., 846 F.2d 731, 735, 6 USPQ2d 1685, 1688 (Fed.Cir.1988).
 
 
 9
 If the controversy requirement is met by a sufficient allegation of immediacy and reality, we see no reason why a patentee should be unable to seek a declaration of infringement against a future infringer when a future infringer is able to maintain a declaratory judgment action for noninfringement under the same circumstances. Id. at 736, 6 USPQ2d at 1689 (explaining that meaningful preparation for infringing activity coupled with acts of the patentee indicating an intent to enforce its patent will meet the controversy requirement); see Erbamont, 720 F.Supp. at 391, 12 USPQ2d at 1348 (recognizing that "the better view is that the patent owner may, in certain circumstances, seek a declaratory judgment as to infringement" prior to the defendant actually committing an act of infringement); cf. Swedlow, Inc. v. Rohm & Haas Co., 455 F.2d 884, 886, 172 USPQ 641, 642 (9th Cir.1972) (contrasting previous cases where "an existing controversy had been manifested by specific acts of alleged infringement or an immediate capability and intent to produce an allegedly infringing item"). A concern that the alleged future infringer might alter its course of conduct or discontinue it altogether should not cause a dismissal any more than it should in a suit by the accused infringer. Furthermore, the fact that the patent owner, unlike the accused infringer, will have an express statutory remedy for infringement at a later time is irrelevant. The Declaratory Judgment Act applies "whether or not further relief is or could be sought." 28 U.S.C. Sec. 2201; 10A Wright & Miller Sec. 2758, at 620, 621 (explaining that "declaratory relief is alternative and cumulative" and "that the existence of another adequate remedy does not bar a declaratory judgment").
 
 
 10
 To meet the controversy requirement in a declaratory judgment suit by a patentee against an alleged future infringer, two elements must be present: (1) the defendant must be engaged in an activity directed toward making, selling, or using subject to an infringement charge under 35 U.S.C. Sec. 271(a) (1982), or be making meaningful preparation for such activity; and (2) acts of the defendant must indicate a refusal to change the course of its actions in the face of acts by the patentee sufficient to create a reasonable apprehension that a suit will be forthcoming. The first prong is identical to one of the requirements in a patent declaratory judgment action where the threatened infringer is the plaintiff. See Arrowhead, 846 F.2d at 736, 6 USPQ2d at 1689. It looks to the accused infringer's conduct and ensures that the controversy is sufficiently real and substantial. Cf. Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 241, 57 S.Ct. 461, 464, 81 L.Ed. 617 (1937). The second prong requires conduct by both the accused infringer and the patentee and is similar to the reasonable apprehension prong in the normal action. See Arrowhead, 846 F.2d at 736, 6 USPQ2d at 1689. It ensures that the controversy is definite and concrete between parties having adverse legal interests. Cf. Aetna, 300 U.S. at 240-41, 57 S.Ct. at 463-64.
 
 
 11
 Here, Lang failed to meet the actual controversy requirement necessary to maintain Count I under the Declaratory Judgment Act. The accused infringing ship's hull would not be finished until at least 9 months after the complaint was filed. Cf. Arrowhead, 846 F.2d at 734 n. 2, 6 USPQ2d at 1687 n. 2 (explaining that the propriety of the dismissal "must be determined on the facts existing at the time the complaint under consideration was filed"). Unlike the plaintiff in Automation Systems, Inc. v. Intel Corp., 501 F.Supp. 345, 348, 209 USPQ 573, 575 (S.D.Iowa 1980), the accused infringers had not distributed sales literature, prepared to solicit orders, or engaged in any activity indicating that the ship would soon be ready for sea. As the district court correctly held, "there is no 'substantial controversy ... of sufficient immediacy and reality to warrant' consideration of [Lang's] claim for declaratory relief."[3] Cf. Evers v. Dwyer, 358 U.S. 202, 203, 79 S.Ct. 178, 179, 3 L.Ed.2d 222 (1958) (explaining that the "question in each case is whether the facts alleged [show a substantial controversy] of sufficient immediacy and reality to warrant the issuance of a declaratory judgment").
 
 
 12
 Count II--Claim for an Injunction Against Threatened Patent
 
 Infringement
 
 13
 We interpret Count II, as did the district court, as a claim for patent infringement under 35 U.S.C. Sec. 271 (1982) based on alleged threatened infringement. Lang contends that because the district court in Chemical Engineering Corp. v. Marlo, Inc., 754 F.2d 331, 222 USPQ 738 (Fed.Cir.1984), accepted jurisdiction under the patent laws for threatened infringement, entered summary judgment on the merits, and this court affirmed, the district court's dismissal of Count II here must be reversed. Lang, however, mischaracterizes the Chemical Engineering proceedings.
 
 
 14
 In Chemical Engineering, this court initially considered its jurisdiction under 28 U.S.C. Sec. 1295 (1982) as it related to the defendant's motion to transfer. Id. at 333-34, 222 USPQ at 739-40. Then, the court sua sponte summarily affirmed the grant of summary judgment because "[n]o authority anywhere supports the notion that a preliminary injunction against infringement may issue in response to rumors of a threat of infringement." Id. at 334, 222 USPQ at 741. Although the patentee in Chemical Engineering sought, as the patentee here, an injunction for threatened patent infringement, the Federal Circuit never decided the propriety of the district court's dismissal under Rule 12(b)(6). Accordingly, we conclude that nothing in Chemical Engineering requires us to recognize alleged threatened patent infringement as stating a claim under 35 U.S.C. Sec. 271.
 
 
 15
 Section 271 provides that "whoever without authority makes, uses or sells any patented invention ... infringes the patent." 35 U.S.C. Sec. 271. That statute, by itself, cannot be interpreted to cover acts other than an actual making, using or selling of the patented invention. See, e.g., D.G. Rung Indus., Inc. v. Tinnerman, 626 F.Supp. 1062, 1065, 229 USPQ 930, 931 (D.Wash.1986); cf. Section I, supra pp. 763-764 (discussing cases upholding jurisdiction over declaratory judgment actions for threatened infringement). Because Pacific Marine's allegedly infringing ship's hull was still nine months from completion when the complaint was filed, the district court correctly dismissed Count II for failure to state a claim under section 271.
 
 Count III--False Marking
 
 16
 Anyone may bring an action under section 292 for falsely marking as "patented" any unpatented "article." 35 U.S.C. Sec. 292 (1982). Like section 271, section 292 requires that the article mismarked actually exist. In other words, the article must be completed before section 292 will allow a claim to continue. For the reason indicated in Section II, the district court properly dismissed Count III.
 
 
 17
 Count IV--Claim for Relief Under Lanham Act Section 43(a)
 
 
 18
 Section 43(a) of the Lanham Act creates liability for false descriptions or misrepresentations used in connection with "goods or services [that] enter into commerce." 15 U.S.C. Sec. 1125 (1988). Because Lang's complaint did not, and could not until the ship was completed, allege that the ship had entered into commerce, the district court correctly dismissed Count IV for failure to state a claim under the Lanham Act.
 
 CONCLUSION
 
 19
 For the reasons stated above, the district court's dismissal of Counts I through IV is
 
 
 20
 AFFIRMED.
 
 
 
 [1]
 Judge Friedman took senior status on November 1, 1989
 
 
 [2]
 Judge Bissell died on February 4, 1990, after this opinion was approved for publication
 
 
 [3]
 Because we affirm the dismissal for lack of an actual controversy, we do not reach the question of whether a patentee's relief in such a suit is limited to a declaration of rights