899 F.2d 1229
 15 U.S.P.Q.2d 1827
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Leslie C. CASE, Plaintiff-Appellant,
v.
GOODYEAR TIRE & RUBBER COMPANY, Defendant-Appellee.
 No. 89-1582.
 United States Court of Appeals, Federal Circuit.
 March 29, 1990.
 
 Before NIES, Circuit Judge, SKELTON, Senior Circuit Judge, and BISSELL,* Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 Leslie C. Case, pro se, appeals from the grant of summary judgment in favor of Goodyear Tire & Rubber Company in a suit brought by Case against Goodyear for infringement of U.S. Patent No. 3,940,371 in the United States District Court for the Northern District of Ohio (Lambros, J.). We affirm.
 
 OPINION
 
 2
 The patent in suit pertains to the use of diamino disulfide (bis-2) curatives for polyurethanes. Goodyear established by affidavits a prima facie case of noninfringement during the six-year period preceding the filing of suit in June 1987. Case put forth no evidence which raises a genuine issue of fact on the issue of Goodyear's infringement during that time frame. Case did respond with his affidavit describing events 13 years before in 1974-1975, concerning a purchase he made of bis-2 compound from a third party manufacturer and he surmised from a discussion with someone there that the manufacturer had previously sold the compound to Goodyear.
 
 
 3
 Section 286 of Title 35 bars recovery of damages for acts of infringement committed more than six years prior to the filing of the complaint. See 35 U.S.C. Sec. 286 (1982). Summary judgment of noninfringement may properly be granted pursuant to this provision where the only indication of infringement concerns activities which occurred more than six years before suit was filed. See Standard Oil Co. v. Nippon Shokubai Kagaku Kogyo Co., 754 F.2d 345, 348, 224 USPQ 863, 864 (Fed.Cir.1985). While technically section 286 is not a statute of limitations barring suit, if the only possibly infringing acts occurred more than six years before suit, there is no viable or remediable case or controversy between the parties for either monetary or injunctive relief. See, e.g., Lang & Swath Ocean Sys., Inc. v. Pacific Marine & Supply Co., 895 F.2d 761, 13 USPQ2d 1820 (Fed.Cir.1990).
 
 
 4
 Case asserts that the six-year period of section 286 should be tolled for the period in which an interference between the parties with respect to one dependent claim of the '371 patent was resolved. However, Case acknowledges that, regardless of how the interference was resolved (priority was eventually awarded to Goodyear), his rights against Goodyear under his other claims would be unaffected. The district court after careful consideration, rejected Case's arguments on tolling. Assuming tolling might be appropriate in some circumstances--an issue we do not decide--we are unpersuaded of abuse of discretion in the district court's decision refusing to toll the period in this case. See Holmberg v. Armbrecht, 327 U.S. 392, 397 (1945) (tolling is an equitable doctrine).
 
 
 5
 We are also unpersuaded that the motion for summary judgment was improperly granted in view of Case's desire for additional discovery. The district court held that a mere allegation of wrongdoing is insufficient reason to require a defendant to undertake the burdens of discovery. We agree. See Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 363 (1978); Micro Motion, Inc. v. Kane Steel Co., Nos. 89-1219, -1220, slip op. at 20 (Fed.Cir. Jan. 24, 1990).
 
 
 6
 In sum, none of Case's arguments persuade us to overturn the grant of summary judgment. Accordingly, we affirm on the basis of the district court opinion.
 
 
 
 *
 Judge Bissell, who died February 4, 1990, did not participate in this opinion