**AUTOMATED MARINE PROPULSION SYSTEMS, INC.**

v.

**AALBORG CISERV INTERNATIONAL A/S, Ciserv AB, and Aalborg Ciserv Houston, Inc.**

Civ. A. No. G–93–769.

United States District Court,
S.D. Texas,
Galveston Division.

April 15, 1994.

Albert B. Kimball, Jr., Pravel, Hewitt, Kimball & Krieger, Paul Jensen, Don A. Weitinger, Weitinger & Weitinger, Houston, TX, for plaintiff.

William L. LaFuze, Steven R. Borgman, Vinson & Elkins L.L.P., Houston, TX, for defendants.

## *ORDER*

KENT, District Judge.

In this action Plaintiff Automated Marine Propulsion Systems (AMPS) complains of unfair competition and false advertising by the Defendants, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). AMPS is a Texas corporation residing in the Southern District of Texas. Defendant Aalborg Ciserv International (ACI) is a Danish company, and Defendant Ciserv AB (Ciserv) is a Swedish company. Defendant Aalborg Ciserv Houston (ACH) is a subsidiary of ACI based in Brazoria County, Texas, and is owned by the same parent corporation which owns Ciserv. Before the Court are the Defendants' motion to dismiss on the grounds of forum non conveniens, motion for a more definite statement, and Defendant Ciserv's motion to dismiss for lack of personal jurisdiction. The motion to dismiss based on forum non conveniens is **GRANTED,** rendering the other motions **MOOT.**

### I. *Background*

Plaintiff AMPS owns a United States Patent for a fuel injection system used in marine diesel engines. When installed, this system increases fuel economy and engine performance. According to AMPS's Complaint, their system has been installed on numerous vessels and has been certified for marine insurance purposes by the U.S. Coast Guard and various underwriters.

AMPS alleges that in May, 1989, it received an order for one of its systems to be installed on the vessel Snow Crystal. At

customer request, a company known as Joule Engineering of Sweden installed this system on AMPS's behalf. AMPS believes that the Defendants later either acquired or otherwise merged with Joule Engineering; the Defendants deny this. At any rate, AMPS claims that Joule "and/or" the Defendants then copied AMPS's Snow Crystal system and installed it as their own on a third vessel, the Snow Drift.

The Defendants have allegedly contacted potential customers of AMPS in Texas and elsewhere in the United States, attempting to sell the pirated system in direct competition with AMPS. In connection with these efforts, the Defendants purportedly have falsely claimed that their system is patented under Swedish law and has been class approved and certified by various insurance underwriters. Furthermore, AMPS maintains that the Defendants have distributed performance data for their system which was actually based on tests of an AMPS system.

AMPS claim that these activities constitute false representations in contravention of § 43(a) of the Lanham Act. Accordingly, AMPS seeks an injunction against the Defendants, lost profits, treble damages, and attorney's fees. The Defendants counter that, because most if not all of the events complained of occurred in Sweden, Sweden provides the more convenient forum for the resolution of this dispute.

## II. Forum Non Conveniens Standards

A forum non conveniens determination is committed to the sound discretion of the trial court. *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 257, 102 S.Ct. 252, 266, 70 L.Ed.2d 419 (1981). When weighing a motion to dismiss on the basis of forum non conveniens, a district court must first determine whether an available and adequate alternative forum exists. *Id.* at 254 n. 22, 102 S.Ct. at 265 n. 22. A foreign forum is available when the entire case and all parties are within the jurisdiction of that forum. *Baris v. Sulpicio Lines, Inc.,* 932 F.2d 1540, 1549 (5th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 430, 116 L.Ed.2d 449 (1991). The forum is adequate when the parties are not deprived of all remedies or treated unfairly,

even though they may not enjoy the same benefits as they might receive in an American court. *Id.* at 1549–50; *Reyno,* 454 U.S. at 255, 102 S.Ct. at 265; *In re Air Crash Disaster Near New Orleans, La.,* 821 F.2d 1147, 1165 (5th Cir.1987), *cert. granted,* 490 U.S. 1032, 109 S.Ct. 1928, 104 L.Ed.2d 400, *modified on other grounds,* 883 F.2d 17 (5th Cir.1989). If the foreign forum is available and adequate, the Court must then balance the "private interest" convenience factors outlined in *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508–09, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947), bearing in mind that "the ultimate inquiry is where trial will best serve the convenience of the parties and the ends of justice." *Koster v. American Lumbermens Mut. Casualty Co.,* 330 U.S. 518, 527, 67 S.Ct. 828, 833, 91 L.Ed. 1067 (1947).

*Gulf Oil* 's "private interest" factors relevant to this action are:

1) the relative ease of access to sources of proof;

2) the availability of compulsory process for the attendance of unwilling witnesses;

3) the cost of obtaining the attendance of witnesses; ...

5) the enforceability of a judgment if one is obtained; and

6) other practical problems that make trial easy, expeditious and inexpensive.

330 U.S. at 508, 67 S.Ct. at 843. If the private interest factors weigh in favor of dismissal, no further inquiry need be made. *Baris,* 932 F.2d at 1550–51. If the Court cannot determine whether those factors compel dismissal, however, it should examine the following "public interest" factors:

1) administrative difficulties flowing from court congestion;

2) the local interest in having localized controversies resolved at home;

3) the forum's familiarity with the law that governs the action;

4) the avoidance of unnecessary problems with conflicts of law, or in the application of foreign law; and

5) the unfairness of burdening citizens with jury duty in an unrelated forum.

330 U.S. at 508–09, 67 S.Ct. at 843; *Baris*, 932 F.2d at 1551 & n. 16.

### III. Adequacy of a Swedish Forum

■ The Swedish courts have jurisdiction over Defendant Ciserv, as well as the non-defendant Joule Engineering, as both are located in Gothenburg, Sweden. Moreover, Defendants ACI and ACH have agreed not to contest jurisdiction in any action based on these facts brought in Sweden. Finally, the Defendants have presented evidence that Plaintiff AMPS has previously pursued "legal action" against Joule, based on these facts, in Sweden. Therefore, jurisdiction over this matter in Sweden is available.

In contrast, AMPS has failed to establish even a prima facie case for personal jurisdiction in this Court over the Swedish Defendant Ciserv. Rather, 35 days after Ciserv's motion to dismiss on this basis, AMPS has produced only one deposition showing very tenuous general contacts with this State by Ciserv, and asks for more time for discovery.[1] Moreover, Plaintiff has made no attempt to make claims against or otherwise demonstrate this Court's jurisdiction over Joule, despite the Defendants' assertions that Joule remains a separate legal entity.

The Defendants have also put forth evidence that a Swedish forum would be "adequate" because Sweden provides remedies for the actions complained of here. Specifically, the Swedish Marketing Practices Act provides that the Market Court may enjoin any "tradesman" who, in the marketing of any goods, takes action which "adversely affects consumers or tradesmen," Section 2, or who "omits to deliver information of particular significance to consumers," Section 3. In addition, the Act provides that a tradesman who "intentionally uses a misleading representation relating to his own or to another's business and likely to affect the demand for the commodity shall be liable for a fine or imprisonment" by the ordinary Swedish courts. Section 6. Finally, the Defendants have provided a Swedish lawyer's opinion that this Act generally prohibits the use of false, misleading or deceptive representations in marketing and advertising.

It is not clear, however, that AMPS would be able in the Swedish courts to recover the damages it may have suffered by the Defendants' alleged misdeeds, as it would under the Lanham Act. First, the Marketing Act does not appear to allow, under any circumstances, an aggrieved party to recover punitive damages, as does the Lanham Act. As for actual damages, Section 19 of the Swedish law does provide that "[a] person who disobeys a prohibition referred to in Section 2 . . . shall make good a loss thereby caused to a competing tradesman." However, the Court cannot determine from the English translation of the Act whether such a loss is recoverable in the first instance, or only for disobedience of injunctions entered pursuant to Section 2. Because the Defendants' expert does not refer to the availability of damages, the Court presumes that the latter interpretation is correct.

■ Generally, of course, the fact that a foreign forum's remedy is not as attractive as the local remedy does not foreclose a forum non conveniens transfer. *Reyno*, 454 U.S. at 261, 102 S.Ct. at 268. On the other hand, an unfavorable change in the law *is* a relevant consideration "if the remedy provided by the alternative forum is so clearly inadequate or unsatisfactory that it is no remedy at all." *Id.* at 254, 102 S.Ct. at 265. The question, then, is whether the complete absence of a damages remedy meets this standard.

As a theoretical matter, this Court would be inclined to believe that the total unavailability of damages for illegal competition would be a "clearly inadequate" remedy. This does not appear to be the case here, however, because the damages realistically available to AMPS in this Court appear to be negligible, at best. AMPS's sole alleged cause of action is § 43(a) of the Lanham Act, which prohibits causing goods with certain misrepresentations "to enter into commerce." 15 U.S.C. § 1125(a). "Commerce" is further defined as "all commerce which may lawfully be regulated by Congress." 15 U.S.C. § 1127. The activities protested of in

AMPS's Complaint, on the other hand, appear to have occurred entirely in Sweden or elsewhere in Europe. In fact, Ciserv's managing director swears that Ciserv has made only six sales of the Joule fuel injector system, consisting of four marine installations in Scandinavia and power plant installations in Bermuda and Indonesia.[2] Since Congress cannot lawfully regulate commerce which strictly takes place in foreign countries, the evidence and pleadings indicate that AMPS would not have *any* remedy in this forum. Cf. *Fuji Photo Film v. Shinohara Shoji Kabushiki Kaisha,* 754 F.2d 591, 600–01 (5th Cir.1985) (sale of item in foreign country is not a "use in commerce" for purposes of the Lanham Act). Therefore, the Swedish law's limitation to an injunctive remedy is not "clearly inadequate," because this remedy likely provides even *more* relief than AMPS could obtain here.

Accordingly, the Swedish courts provide an available and adequate forum for the resolution of this controversy.

### IV. Plaintiff's Choice of Forum

As its sole ground for contesting Defendants' forum non conveniens motion, AMPS asserts that "Plaintiff's choice of the forum of its residence for its Federal statutory cause of action for injury to its business here outweighs any balancing of other factors argued by Defendants." In support of this proposition, Plaintiff quotes *Reyno:* "When the home forum has been chosen, it is reasonable to assume that this choice is convenient." 454 U.S. at 255–56, 102 S.Ct. at 266.

The remainder of the quoted *Reyno* paragraph, however, demonstrates that Plaintiff's complete reliance on this sole factor is seriously misplaced. The *Reyno* court did not state that the choice of a local forum is conclusive on this issue; rather, the *Reyno* court simply noted that "a plaintiff's choice of forum is entitled to *greater* deference when the plaintiff has chosen the home forum." *Id.* at 255, 102 S.Ct. at 265 (emphasis added).

Indeed, still within the same paragraph, the court bluntly rejected AMPS's contention:

> A citizen's forum choice should not be given dispositive weight, however. Citizens or residents deserve somewhat more deference than foreign plaintiffs, but dismissal should not be automatically barred when a plaintiff has filed suit in his home forum. As always, if the balance of conveniences suggests that trial in the chosen forum would be unnecessarily burdensome for the defendant or the court, dismissal is proper.

*Id.* at 256 n. 23, 102 S.Ct. at 266 n. 23.

Plaintiff also quoted *Koster* in support of its claim to venue as a matter of right:

> In any balancing of conveniences, a real showing of convenience by a plaintiff who has sued in his home forum will normally outweigh the inconvenience the defendant may have shown.

330 U.S. at 524, 67 S.Ct. at 832. Plaintiff's use of this excerpt, however, ignores not only the quoted language itself, but the very holding of that case as well. First, the quoted language plainly says that the home-field plaintiff will ordinarily prevail in maintaining venue *when* he has made a "real showing of convenience." Plaintiff AMPS, on the other hand, chose to make no showing of convenience at all. The quoted language is also immediately preceded by the statement that such a plaintiff "should not be deprived of the presumed advantages of his home jurisdiction *except* upon a clear showing of facts which ... (1) establish such oppressiveness and vexation to a defendant as to be out of all proportion to plaintiff's convenience, which may be shown to be slight or non-existent...." *Id.* (emphasis added). This language unequivocally grants the Defendants here the opportunity of dismissal when they have clearly demonstrated inconvenience "out of all proportion" to the conveniences shown by AMPS.

AMPS's reliance on *Koster* is further misplaced because the holding of that case precisely contradicts AMPS's proposition: the

---

**2.** While Ciserv admits to attempting one sale in the United States, attempted sales do not fall within the purview of § 43(a). *See Lang v. Pacific Marine & Supply Co.,* 895 F.2d 761, 765–66 (Fed.Cir.1990) (Section 43(a) claim is premature when filed before completion of construction of the allegedly offending article).

*Koster* court held that the district judge did *not* abuse his discretion by dismissing, on forum non conveniens grounds, a suit brought by a local plaintiff. *Id.* at 531–32, 67 S.Ct. at 835. In reaching this conclusion, the Court analyzed the record in terms that are equally pertinent to the motion now before the Court:

> Confronted with defendant's motion and supporting affidavits in this case reciting the facts ... the plaintiff was utterly silent as to any reason of convenience to himself or to witnesses and as to any advantage to him in expense, speed of trial, or adequacy of remedy if the case were tried in [his home forum]. ... Petitioner shows not a single witness or source of evidence available to him [locally] and does not deny that his complaint will require exhaustive examination of the transactions of [the defendants], all of which occurred in [a distant forum]. ... The plaintiff demanded trial [locally] as a matter of right and of law irrespective of the facts set out by defendant. ... We hold only that a district court ... may refuse to exercise its jurisdiction when a defendant shows much harassment and plaintiff's response not only discloses so little countervailing benefit to himself in the choice of forum as it does here, but indicates such disadvantage as to support the inference that the forum he chose would not ordinarily be thought a suitable one to decide the controversy.

*Id.* Therefore, after examining the unrebutted facts espoused by the Defendants in support of their motion, this Court should find that dismissal is appropriate if litigation in Sweden would be clearly more convenient as judged by the factors set forth in *Gulf Oil.*

### V. *"Private Interest" Factors*

A. Access to Proof: The only evidence before the Court indicates that almost all of the activities forming the basis of this lawsuit occurred in Sweden and other European countries. Of the sixteen material fact witnesses with knowledge of Ciserv's and Joule's development, certification, and marketing of the Joule fuel injection system, fourteen live in Scandinavia, one in London, and one in Indonesia. The books and records of Ciserv and Joule, such as those detailing the technical and commercial background of Joule's system, are located in Sweden. The records of Ciserv's maritime purchasers of the system are located in Norway and Denmark. Apparently, *no* witnesses or records are located in the United States. Obviously, therefore, access to these sources of proof will be much less burdensome in Sweden than in Galveston.

B. Availability of Compulsory Process: This Court cannot compel the attendance of unwilling witnesses who live and work on another continent. Conversely, the Swedish courts should at least be able to compel the attendance of those non-party witnesses located in Sweden, such as the employees of the alleged wrongdoer, Joule Engineering.

C. Cost of Obtaining the Attendance of Witnesses: Clearly, the cost of obtaining the appearance of European witnesses in this Court will be extraordinary. Even the cost of preserving their testimony by deposition would be substantial.

D. Enforceability of Judgment: Of the three Defendants in this suit, only one— ACH—has any assets located in Texas. Consequently, any judgment that AMPS might obtain against ACI or Ciserv would involve satisfying a judgment by seizing assets located in a foreign country. This is particularly of concern given the present indications from the pleadings that the sole Defendant with Texas assets had absolutely nothing to do with the actions complained of. Moreover, as noted above, it appears highly unlikely that AMPS will be able to establish personal jurisdiction in this Court over the one Defendant who *does* appear to have been intimately involved in the development and marketing of the Joule fuel injection system—Ciserv. The Swedish courts, on the other hand, presumably have jurisdiction to enforce judgments over both the Defendant Ciserv and the non-Defendant Joule, and probably can enforce judgments with greater ease against Defendant ACI of neighboring Denmark. *See Amoco Oil Co. v. Phillipe Martin & Associes,* 811 F.Supp. 253, 258–59 (S.D.Tex.) (Kent, J.) (basing dismissal largely on this factor), *aff'd,* 998 F.2d 1013 (5th Cir.1993).

E. Other Practical Problems: As noted above, contrary to Plaintiff's allegations, the Defendants deny that Joule Engineering has been merged into or otherwise acquired by Ciserv. It also appears that Joule is the most culpable party for the activities Plaintiff complains of, and the Court has no means of knowing whether Joule is subject to the personal jurisdiction of this Court. It is clear, however, that this Swedish company would be subject to the powers of the Swedish courts. Therefore, this consideration weighs in favor of a Swedish forum, which would more clearly have jurisdiction to adjudicate *all* of the wrongs which may have been committed in connection with the development and sale of the Joule fuel injection system.

### VI. Conclusion

All of the evidence before the Court supports the conclusion that all of the relevant "private interest" factors in this case clearly weigh heavily in favor of the dismissal of this case in favor of a Swedish forum. While the Plaintiff has shown no convenience arising from its choice of forum, the Defendants have demonstrated that, relative to trial in Sweden, trial in this Court would be overwhelmingly burdensome to them. Accordingly, the Court's refusal to exercise jurisdiction in this cause is warranted without examination of *Gulf Oil*'s "public interest" factors. *See Baris*, 932 F.2d at 1550–51.[3]

This decision should not, however, be read without cognizance of the Court's extreme reluctance to decline jurisdiction over an action brought by a local entity. This is especially true where, as here, the Plaintiff is represented by one of the most able members of the Southern District bar, whose presence in the case would certainly further the attempt to achieve justice in the resolution of this controversy. However, where it appears that the Court would have extremely limited power to provide a remedy for the Plaintiff's complaints, the Swedish courts would have jurisdiction over all of the parties, and Sweden is an overwhelmingly more convenient forum, dismissal is appropriate.

Therefore, the Defendants' motion to dismiss based on forum non conveniens is **GRANTED, CONDITIONED** on the willingness of all three Defendants to submit to the jurisdiction of the Swedish courts, and to waive any applicable time limitations for filing a Swedish action, for any action Plaintiff commences in Sweden, based on these facts, within one year of the date of this Order. *See In re Air Crash Disaster*, 821 F.2d at 1166 (Court must ensure that plaintiff can reinstate his suit in the alternative forum without undue prejudice). This Order renders Defendant Ciserv's motion to dismiss for lack of personal jurisdiction, and the Defendants' motion for a more definite statement, **MOOT**. The parties are further **ORDERED** to file no further pleadings in this Court, including motions to reconsider and the like, absent evidence of non-compliance with the above conditions. Instead, the parties are instructed to seek any further relief to which they feel themselves entitled in the courts of Sweden, or in the United States Court of Appeals for the Fifth Circuit, as may be appropriate.

IT IS SO ORDERED.

---

3. The Court notes that the "public interest" factors in this case balance more evenly than the "private interest" factors. The Court cannot determine the "administrative difficulties from Court congestion" because the Court has no information as to the congestion of the Swedish courts. The "local interest in having localized controversies resolved at home" is equally balanced between the parties because the activities complained of occurred in Sweden by Swedish defendants, but they affect the financial well-being of a local business. The "jury duty" factor is balanced for the same reason. Finally, the two "conflicts of law" factors have little bearing, as the Court has already had to examine the applicability of Swedish law simply to make the "adequate forum" determination.