95 F.3d 1169
 39 U.S.P.Q.2d 2022
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
ATLANTIA CORPORATION and Seahorse Equipment Corporation,
Plaintiffs-Appellants,
v.
SEA ENGINEERING ASSOCIATES, INC. and Pieter G. Wybro,
Defendants-Appellees.
 No. 95-138.
 United States Court of Appeals, Federal Circuit.
 Aug. 23, 1996.
 
 Before RICH, PLAGER, and CLEVENGER, Circuit Judges.
 PLAGER, Circuit Judge.
 
 
 1
 Atlantia Corporation and Seahorse Equipment Corporation (collectively "Atlantia") appeal from a decision of the United States District Court for the Southern District of Texas, No. H-92-2914, granting summary judgment to defendants Sea Engineering Associates, Inc. and Pieter G. Wybro (collectively "Sea Engineering") in this suit for declaratory judgment of patent infringement and for trade secret misappropriation. Because we find that the district court did not have subject matter jurisdiction over the matter, we vacate the decision and remand the case with instructions to dismiss the action.
 
 DISCUSSION
 
 2
 In September 1992, Atlantia sued Sea Engineering for trade secret misappropriation and a declaratory judgment of patent infringement under the Declaratory Judgment Act, 28 U.S.C. § 2201. Atlantia alleged that Sea Engineering's design for an offshore oil platform, known as "Sea-Map[1]," infringed Atlantia's U.S. Patent No. 5,117,914. Sea Engineering moved to dismiss the suit for lack of subject matter jurisdiction, arguing that there was no actual controversy, as required for federal court jurisdiction. Sea Engineering alleged, and Atlantia did not dispute, that a platform of the Sea Map design would not be built until at least 24 months after the suit was filed[2]. The district court denied Sea Engineering's motion to dismiss, finding that there was an actual controversy at the time the suit was filed. Although neither party appeals from that ruling, an appellate court must always attend to its jurisdiction, and accordingly we have the power and the duty to determine independently whether the district court had jurisdiction over the case. See, e.g., Williams v. Secretary of Navy, 787 F.2d 552, 557 (Fed.Cir.1986).
 
 
 3
 Two elements must be satisfied for a district court to exercise subject matter jurisdiction over a declaratory judgment suit filed by a patentee against an alleged future infringer: (1) the defendant must be engaged in an activity directed toward making, using, or selling a patented invention, or be making meaningful preparation for such activity; and (2) acts of the defendant must indicate a refusal to change the course of its actions in the face of acts by the patentee sufficient to create a reasonable apprehension that a suit will be filed. Lang v. Pacific Marine & Supply Co., 895 F.2d 761, 764, 13 USPQ2d 1820, 1822 (Fed.Cir.1990). In Lang the court held that there was no actual controversy when the accused device, a ship's hull, would not be finished until at least nine months after the complaint was filed. Id. In the present case, in which the accused device was at least two years from completion at the time the suit was filed, we cannot see that the first requirement has been met. Too many events--changes in the economy, new designs, technological innovations--may occur before the accused device matures to the point at which it can be said there is a constitutionally sufficient case or controversy. The district court, in the absence of such a controversy, did not have subject matter jurisdiction. Because there was no jurisdiction for Atlantia's patent-related claims, there was also no supplemental jurisdiction under 28 U.S.C. § 1367 for Atlantia's trade secret claim.
 
 CONCLUSION
 
 4
 For the foregoing reasons, we vacate the decision of the district court and remand the case with instructions to dismiss the suit for lack of subject matter jurisdiction.
 
 COSTS
 
 5
 Each party to bear its own costs.
 
 
 
 [1]
 Shortly after the suit was filed, Sea Engineering modified its oil platform design. The initial design is known as "Sea-Map I" and the modified design is known as "Sea-Map II." We refer to both designs collectively as "Sea Map."
 
 
 [2]
 At the time of argument of this appeal, nearly four years after the complaint was filed, no Sea-Map oil platform had been built by Sea Engineering