**Kevin McKEOWN, Plaintiff–Appellant,**

v.

**CITY OF CHICAGO, Defendant–Appellee.**

No. 01–1200.

United States Court of Appeals, Federal Circuit.

Oct. 3, 2001.

Before MICHEL, Circuit Judge,
ARCHER, Senior Circuit Judge, and
RADER, Circuit Judge.

PER CURIAM.

Appellant *pro se* Kevin McKeown appeals from the Order of the United States District Court for the Northern District of Illinois granting summary judgment of non-infringement to appellee City of Chicago ("the City"). We *affirm*.

Background

McKeown is the owner of United States Patent No. 5,846,020 ("the '020 patent"), directed to a pre-fabricated multi-level roadway structure. While the application that matured into the '020 patent was pending, he contacted numerous mayors, governors, United States Senators, and the transportation departments in cities having multi-level roadways, including appellee City of Chicago, to generate interest in his invention. In a salutary response, Bruce Worthington, Chief Highway Engineer of the City's Department of Transportation, wrote back and thanked McKeown for sharing his concept and told him that he "look[ed] forward to the Illinois Department of Transportation using [his] design concepts in the expansion of the Highway/Expressway System within this State." McKeown apparently took these words quite literally.

In July 2000, the City proposed a rehabilitation project for Wacker Drive, a multi-level roadway structure built more than 70 years ago. In August 2000 the City advertised and made available an informational package of instructions and drawings about the Wacker Drive project in order to solicit bids for the construction work that was scheduled to begin in March 2001. Among the drawings included in the package were engineering specifications that showed a type of pre-cast segmental concrete that would be used.

At some point, McKeown became aware of the Wacker Drive project and, believing that it would infringe the '020 patent, attempted to negotiate the use of the patent with the City. When his attempts failed, he filed a single count complaint, *pro se*, on July 18, 2000, alleging that the City was knowingly and willfully "using and enticing others to use" the '020 patent in violation of 35 U.S.C. § 271. He sought a temporary restraining order and preliminary injunction against the City, and $40 million in damages.

The City moved to dismiss. The district court converted the motion into one for summary judgment under Fed.R.Civ.P. 56, set a briefing schedule to allow the parties time to file all materials pertinent to a motion for summary judgment, and ordered the parties to conduct informal discovery. The court explicitly advised McKeown, as a *pro se* litigant, about his obligations under the Federal Rules of Civil Procedure and the Local Rules. Thereafter, McKeown served upon the City document requests, to which the City responded by allowing two separate document inspections and providing him access to copies of the final design for the Wacker Drive project, as well as copies of all funding documents.

Despite the court's explicit direction regarding his obligations, McKeown failed to file a memorandum of law or to submit any affidavits or other supporting materials in opposition to the motion for summary judgment. Further, because McKeown had not complied with Local Rule 56.1(b), the court deemed the factual assertions raised by the City in its statement under that Rule to have been established. As a

result, because McKeown had not adduced facts to establish a violation of 35 U.S.C. § 271 and had effectively "plead himself out of court by pleading facts that undermine the allegations set forth in his complaint," the court granted summary judgment for the City.

McKeown asserts on appeal that the district court erred by construing 35 U.S.C. § 271 not to cover the City's alleged use of the '020 patent to secure funding for the Wacker Drive project. Additionally, he asserts what we will construe to be Due Process violations by the district court in its disposition of, among other things, his motion to sanction and disqualify counsel for the City.

### Discussion

We review a grant a summary judgment of non-infringement *de novo,* drawing all inferences in a light most favorable to the non-movant. *Dayco Prods., Inc. v. Total Containment, Inc.,* 258 F.3d 1317 (Fed.Cir. 2001). Our independent review of the record fully satisfies us that summary judgment was properly granted.

■ We are unaware of any authority, and appellant has not directed us to any, supporting a claim for an infringing use based upon the City's inclusion of specifications allegedly embodying his patented invention in its informational material. To the contrary, we have upheld the dismissal of a claim for an infringing use when the allegedly infringing product was still under construction, since § 271 "cannot be interpreted to cover acts other than the actual making, using or selling of the patented invention." *Lang v. Pacific Marine & Supply Co., Ltd.,* 895 F.2d 761, 765 (Fed. Cir.1990). "Until the apparatus is constructed and ready for use, it cannot be clear whether infringement has taken place." *Joy Tech. v. Flakt, Inc.,* 6 F.3d 770, 776 (Fed.Cir.1993) (quoting *Ecodyne*

*Corp. v. Croll–Reynolds Eng'g Co.,* 491 F.Supp. 194, 197 (D.Conn.1979)). Accordingly, the argument that § 271 covers the "use" alleged here is simply without merit.

■ Even assuming that such a cause of action could be sustained, McKeown made no showing before the district court that the City has used the '020 patent in the manner in which he claims. He was afforded multiple opportunities to review documents in the City's possession related to the Wacker Drive project. It remains uncontested that, at the time the lawsuit was filed, reconstruction on the Wacker Drive project had not yet begun. It likewise remains uncontested that the City did not consider or mention the '020 patent in developing any of the submissions made to secure federal or state funding for the project. Essentially, McKeown has adduced no evidence to support his claim other than the initial salutary letter from the City's Chief Highway Engineer thanking him for alerting the City to the existence of the '020 patent. This quantum of evidence is entirely insufficient to avoid summary judgment. The remaining arguments on appeal are without merit.

### Conclusion

The trial court's grant of summary judgment is affirmed.