**The LAITRAM CORPORATION and Intralox, Inc., Appellees/Cross-Appellants,**

v.

**CAMBRIDGE WIRE CLOTH COMPANY, Appellant/Cross-Appellee.**

Appeal Nos. 85–2247, 85–2248.

United States Court of Appeals, Federal Circuit.

March 3, 1986.

Kevin E. Joyce, Cushman, Darby & Cushman, Washington, D.C., argued, for appellant. With him on brief was David W. Brinkman.

Paul J. Hayes, Weingarten, Schurgin, Gagnelin & Hayes, Boston, Mass., argued, for appellees. With him on brief was Victor B. Lebovici.

Before BALDWIN, Circuit Judge, NICHOLS, Senior Circuit Judge, and BISSELL, Circuit Judge.

BISSELL, Circuit Judge.

This is an appeal from the judgment of the United States District Court for the District of Maryland, finding U.S. Patent Nos. 4,159,763 ('763), 3,870,141 ('141), 4,051,949 ('949) and Re. 30,341 ('341) owned by Laitram Corporation and Intralox, Inc. (collectively called Laitram) valid and infringed by products produced by Cambridge Wire Cloth Company (CWC). The magistrate's opinion is reported at 226 USPQ 289 (D.Md.1985). We affirm in part, reverse in part, and remand.

## BACKGROUND

Laitram asserted at the trial that the four patents mentioned above were infringed by CWC's products. Three of the patents, '141, '949 and '763, relate to modules for the construction of plastic conveyor belts. The fourth patent, '341, pertains to a drive system adapted for the conveyor belts embodied in the '141, '949 and '763 patents. Two CWC conveyor belts said to infringe the Laitram patents are the close rib (CR)-product and the perforated top (PT)-product. The magistrate, after a bench trial, held all the patents valid, *i.e.*, that CWC failed to establish invalidity with facts supported by clear and convincing evidence. The magistrate found that the CR-product infringed claims 1, 2, 10, 11, 15, 19, 20 and 21 of the '141 patent, claims 21, 22 and 24 of the '949 patent, and claims 1, 2 and 4–8 of the '763 patent. The magistrate further found that the PT-product infringed claims 19–21 of the '141 patent and claim 8 of the '763 patent and that use in a conveyor drive system of CWC's sprocket and non-circular drive shaft assembly infringed claims 1, 2 and 3 of the '341 patent. The magistrate denied Laitram's request for a finding of willful infringement and an award of attorney's fees under 35 U.S.C. §§ 284 and 285. The magistrate awarded damages and an injunction but denied prejudgment interest on the damages award.

The issues presented in this appeal are whether the magistrate erred in concluding that the patents in suit were not shown to be invalid or clearly erred in finding the claims of the patents infringed but not willfully, and whether prejudgment interest on the damages award was properly withheld.

We see no error in the magistrate's determination on validity and reject CWC's allegations that the magistrate's findings on infringement and willful infringement were clearly erroneous. We further conclude that the magistrate abused his discretion in withholding prejudgment interest on the damages award.

The issues presented in this court were thoroughly treated in the magistrate's opinion. Of all the allegations made in this appeal concerning the invalidity and non-infringement of the Laitram patents, it is necessary to address only CWC's argument that inequitable conduct in the procurement of the '141 patent renders unenforceable all the patents in suit. CWC asserts that German patent No. 113,669 (Malard) anticipated claims 19–21 of the '141 patent and Latraim's failure to disclose Malard to the PTO renders the '141 patent, and the related '763, '949, and '341 patents unenforceable. The magistrate rejected that argument and we agree.

In *American Hoist & Derrick Co. v. Sowa & Sons, Inc.,* 725 F.2d 1350, 220 USPQ 763 (Fed.Cir.), *cert. denied,* — U.S. ——, 105 S.Ct. 95, 83 L.Ed.2d 41, 224 USPQ 520 (1984), this court articulated a balancing test for determining whether conduct during prosecution of a patent application renders the resulting patent unenforceable. In balancing the materiality of the withheld prior art against the level of intent with which the prior art was withheld from the Patent and Trademark Office (PTO), this court stated:

> [W]here an objective "but for" inquiry is satisfied under the appropriate standard of proof, and although one is not necessarily grossly negligent in failing to anticipate judicial resolution of validity, a lesser showing of facts from which intent can be inferred may be sufficient to justify holding the patent invalid or unenforceable, in whole or in part. Conversely, where it is demonstrated that a reasonable examiner would merely have considered particular information to be important but not crucial to his decision not to reject, a showing of facts which would indicate something more than gross negligence or recklessness may be required, and good faith judgment or honest mistake might well be a sufficient defense.

*Id.* at 1363, 220 USPQ at 773.

CWC erroneously argued that *Argus Chemical Corp. v. Fibre Glass-Evercoat Co., Inc.,* 759 F.2d 10, 225 USPQ 1100 (Fed.Cir.), *cert. denied,* — U.S. ——, 106 S.Ct. 231, 88 L.Ed.2d 230 (1985), held that subjective "good faith" is never a defense to a claim of inequitable conduct. Rather, *Argus* supports the position that the level of intent is balanced against the materiality of the prior art in question. In *Argus,* the withheld information was the inventor's own sales which are material to the § 102(b) time bar. This sales information was known by counsel and counsel should have known that it was material to the examiner in resolving any § 102 questions. Good faith did not negate this inequitable conduct.

However, these facts are distinguishable from *Argus* and the balance achieved here is more analogous to the balance achieved in *Vandenberg v. Dairy Equipment Co.,* 740 F.2d 1560, 224 USPQ 195 (Fed.Cir. 1984). In *Vandenberg,* the district court relied upon the nondisclosed device in reaching its conclusion of obviousness, demonstrating its materiality. No inequitable conduct was found in *Vandenberg* because there was no clear and convincing evidence of culpability. *Id.* at 1568, 224 USPQ at 200.

Evidence produced at trial shows that Malard was not considered a pertinent reference during the prosecution of the Swedish, German, and Dutch counterparts to the '141 patent. Additionally, the patent counsel who represented Laitram during

prosecution of the '141 patent testified that he did not consider Malard pertinent. The magistrate found this testimony credible. CWC did not otherwise show that Malard would have been considered important to the PTO. Similarly, the Malard reference neither anticipates nor renders obvious any of Laitram's patents. Therefore, the necessary threshold showing of materiality has not been made. *J.P. Stevens & Co. v. Lex Tex, Ltd.*, 747 F.2d 1553, 223 USPQ 1089 (Fed.Cir.1984), *cert. denied*, — U.S. ——, 106 S.Ct. 73, 88 L.Ed.2d 60 (1985). *Accord Atlas Powder Co. v. E.I. du Pont De Nemours & Co.*, 750 F.2d 1569, 224 USPQ 409 (Fed.Cir.1984).

■ Additionally, CWC has failed to identify any evidence which negates the magistrate's determination that the patentee of the Laitram patent lacked culpable intent in failing to disclose Malard to the PTO. The magistrate found the prosecution counsel's testimony that he had no intent to deceive the PTO by not disclosing Malard's existence credible and found no evidence of either conscious intent to deceive or gross or wanton neglect or misconduct.

■ CWC's assertion that Laitram withheld other information contained in the corresponding Swedish patent application, specifically French Patent 24,295 (Albinet), is specious. CWC knew of the Swedish patent application as early as 1980 when the '141 patent prosecution history was examined during license negotiations. During trial, CWC could have requested the production of the Swedish patent application but, in fact, decided not to require its production. CWC cannot for the first time, without any evidence produced at trial, develop in its reply brief an allegation of fraud. *See Studiengesellschaft Kohle, m.b.H. v. Dart Industries, Inc.*, 726 F.2d 724, 220 USPQ 841 (Fed.Cir.1984) (which sustained a finding of no fraud where there was no testimony on the fraud issue at trial, the documentary evidence was conflicting, and the fraud defense was first developed in defendant's post-trial brief); *Cf. S.C. Johnson & Son, Inc. v. Carter-Wallace, Inc.*, 781 F.2d 198, 228 USPQ 367 (1986) (where it was not an abuse of discretion in the district court's ruling that, because, defendant "unduly delayed" raising inequitable conduct, defendant could not adduce evidence on it); *Bio-Rad Laboratories, Inc. v. Nicolet Instrument Corp.*, 739 F.2d 604, 222 USPQ 654 (Fed.Cir.) *cert. denied*, — U.S. ——, 105 S.Ct. 516, 83 L.Ed.2d 405 (1984) (defense of a misuse based on a patent licensing was not considered on appeal because untimely); *But see Thompson-Hayward Chemical Co. v. Rohm & Haas Co.*, 745 F.2d 27, 223 USPQ 690 (Fed.Cir.1984) (where because of the unique facts and policy considerations of the case, this court allowed the inequitable conduct defense to be raised for the first time on appeal).

### PREJUDGMENT INTEREST

■ The Supreme Court in *General Motors Corp. v. Devex Corp.*, 461 U.S. 648, 654, 103 S.Ct. 2058, 2062, 76 L.Ed.2d 211, 217 USPQ 1185, 1188 (1983), concluded that prejudgment interest should ordinarily be awarded affording patent owners complete compensation. The Court in *Devex* did not articulate this holding in a vacuum, but provided guidelines to the boundary of "ordinarily" by stating:

> [Section 284] states that interest shall be "fixed by the court," and in our view it leaves the court some discretion in awarding prejudgment interest. For example, it may be appropriate to limit prejudgment interest, or perhaps even deny it altogether, where the patent owner has been responsible for undue delay in prosecuting the lawsuit. There may be other circumstances in which it may be appropriate not to award prejudgment interest.

*Id.* at 656–57, 103 S.Ct. at 2063, 217 USPQ at 1189 (footnote omitted); *see, e.g., Gyromat Corp. v. Champion Spark Plug Co.*, 735 F.2d 549, 222 USPQ 4 (Fed.Cir.1984). CWC failed to provide this court or the trial court with any circumstances which excuse prejudgment interest on awarded damages. Consequently, we find that the magistrate

abused his discretion by failing to award prejudgment interest. Therefore, the magistrate's denial of prejudgment interest is reversed. The case is remanded for entry of an amended judgment awarding an amount of prejudgment interest as determined by the magistrate.

AFFIRMED–IN–PART, REVERSED–IN–PART, AND REMANDED.