**CAMBRIDGE WIRE CLOTH COMPANY**

v.

**The LAITRAM CORPORATION.**

Civ. No. S 86–3443.

United States District Court,
D. Maryland.

Feb. 4, 1987.

Judith D. O'Neill, Weinberg & Green, Baltimore, Md., G. Franklin Rothwell, Bernard, Rothwell & Brown, Washington, D.C., for plaintiff.

Paul J. Hayes, Weingarten, Schurgin, Gagnebin & Hayes, Boston, Mass., Thomas D. Washburne, Ober, Kaler, Grimes & Shriver, Baltimore, Md., for defendant.

## MEMORANDUM

SMALKIN, District Judge.

Now pending in this declaratory judgment patent case is the motion of defendant The Laitram Corporation (Laitram) to dismiss. Plaintiff Cambridge Wire Cloth Company (CWC) · has responded thereto within the time allowed. Local Rule 6, D.Md. Laitram has replied in like manner. It is Laitram's position that this Court should enter an order dismissing CWC's complaint pursuant to Fed.R.Civ.P. 12(b)(1), for lack of subject matter jurisdiction, Fed.R.Civ.P. 12(b)(2), for lack of personal jurisdiction, and Fed.R.Civ.P. 12(b)(3), for improper venue.

### I.

This case, although newly filed, has considerable history rooted in a predecessor case, *Laitram v. Cambridge Wire Cloth*, Civil No. HAR 83–3126. Laitram is the owner of the following U.S. Patents: Nos. 3,870,141; 4,051,949; and 4,159,763. (Paper # 4, Affidavit of James C. Kesterman). In August of 1983, Laitram filed a complaint with this Court, charging that CWC had infringed the aforementioned patents. After trial, I ordered entry of an injunction and a damage award, having found that the patents were valid, and that they had been infringed. *Laitram Corp. v. Cambridge Wire Cloth Co.*, 226 U.S.P.Q. 289 (D.Md.1985). The judgment as to both the injunction and the damage award was stayed, pending appeal, and CWC was allowed to fill orders for its existing customers for spare, repair, and replacement parts, during the stay. The Federal Circuit affirmed the judgment as to validity and infringement of the patents at issue, but it remanded the case for entry of an amended judgment awarding prejudgment interest. 785 F.2d 292, 228 U.S.P.Q. 935, *cert. denied,* —— U.S. ——, 107 S.Ct. 85, 93 L.Ed. 2d 39 (1986). On March 3, 1986, CWC filed a motion to clarify the injunction, so that CWC could continue to supply its existing customers with spare, repair, and replacement parts. After an evidentiary hearing, I denied CWC's motion to clarify the injunction, 231 U.S.P.Q. 153 (D.Md.1986), and, thereafter, the Federal Circuit affirmed the denial. 818 F.2d 874 (Fed.Cir. 1987). On July 8, 1986, CWC filed a motion to modify the injunction to exclude from its coverage redesigned conveyor belt modules. I likewise denied this motion, and CWC did not appeal the denial.

On November 12, 1986, CWC filed this action, seeking a declaratory judgment of non-infringement of patents. (Paper # 1). *See* 28 U.S.C. §§ 2201. CWC contends that it has completed the redesign of its plastic conveyor belt modules, and that it lives in reasonable apprehension of a patent infringement suit by Laitram. (Paper # 7, at 4–5). Laitram takes issue with CWC's second contention, stating that it "has not threatened CWC with an infringement action with respect to any 'new' conveyor belt module, nor has it taken any steps which could in any way be considered a threatening action. (Aff. ¶ 7)." (Paper # 4, at 3). Laitram also raises concerns as to personal jurisdiction and venue.

### II.

Laitram first contends that this Court lacks subject matter jurisdiction over CWC's action seeking a declaration of patent non-infringement. Specifically, Laitram cites the absence of an actual case or controversy at the time that the declaratory judgment action was commenced.

The Federal Circuit has issued a number of opinions addressing declaratory judgment jurisdiction, pursuant to 28 U.S.C. § 2201, in patent actions. (This Court relies upon opinions of the Federal Circuit exclusively, given that the Federal Circuit was "formed to provide uniformity in the patent field and to prevent forum shopping." *C.R. Bard, Inc. v. Schwartz*, 716 F.2d 874 (Fed.Cir.1983)). Judge Rich has succinctly stated the governing law:

Declaratory judgment jurisdiction under 28 U.S.C. § 2201 exists when an ex-

amination of "the totality of the circumstances" indicates that an "actual case or controversy" exists between the parties involved. In the case of an action seeking declaratory judgment of patent invalidity or non-infringement, the actual controversy requirement is satisfied when a defendant's conduct has "created on the part of the declaratory plaintiff a reasonable apprehension that it will face an infringement suit if it commences or continues the activity in question" and when the plaintiff has "actually produced the accused device" or has "prepared to produce such a device." The test is an objective one—reasonable apprehension, like other jurisdictional prerequisites, must exist at the time suit is filed. A purely subjective apprehension of an infringement suit is insufficient to satisfy the actual controversy requirement.

*Indium Corp. of America v. Semi–Alloys, Inc.,* 781 F.2d 879, 882–83 (Fed.Cir.1985) (citations omitted). *See also Intern. Medical Prosthetics v. Gore Enterprise,* 787 F.2d 572 (Fed.Cir.1986); *Jervis B. Webb Co. v. Southern Systems, Inc.,* 742 F.2d 1388 (Fed.Cir.1984); *C.R. Bard, Inc. v. Schwartz,* 716 F.2d 874 (Fed.Cir.1983). "The declaratory judgment plaintiff carries the burden of proving 'the existence of facts underlying' his allegations of the existence of an actual controversy." *Indium Corp. of America v. Semi–Alloys, Inc.,* 781 F.2d at 883, *citing Jervis B. Webb Co. v. Southern Systems, Inc.,* 742 F.2d at 1399.

It is Laitram's contention that CWC has not satisfied the first prong of the actual controversy test. The following opinions indicate what does, or does not, give rise to an objectively reasonable apprehension of a patent infringement suit. In the *Indium* case itself, Judge Rich considered the following facts cited by the declaratory judgment plaintiff: (1) patentee had sued two other parties on its patents in 1975; (2) patentee offered Idium an opportunity to discuss a licensing arrangement; and (3) there were other "ominous circumstances." *Indium Corp. of America v. Semi–Alloys, Inc.,* 781 F.2d at 883. He found that the facts before him did not establish the "fun-

damental requirement for a declaratory judgment action," *i.e.,* an actual controversy. *Id.* In *C.R. Bard, Inc. v. Schwartz,* 716 F.2d at 880–82, on the other hand Judge Kashiwa found that the declaratory judgment plaintiff did have a reasonable apprehension of suit, given that (1) patentee had instituted a state action against it, (2) patentee had the present ability to terminate a licensing agreement with it at any time; (3) plaintiff had failed to pay royalties under the licensing agreement; and (4) an examination of the patentee's affidavit "shows that its words were carefully chosen and did not negate the possibility of an infringement action."

Of course, whether or not CWC had an objectively reasonable apprehension of suit must be determined from the facts before us. Paragraph 8 of CWC's complaint addresses reasonable apprehension:

Laitram has engaged in a course of conduct that has created a reasonable apprehension on the part of Cambridge that it will face an infringement suit if it continues the manufacture and sale of the Redesigned Modules. Laitram has stated its desire to eliminate Cambridge from the plastic conveyor belt and module market. Cambridge is apprehensive that after it builds up a market in the Redesigned Modules, Laitram will undoubtedly sue. In the meantime, Laitram will likely communicate with the customers in the trade that customers should not purchase from Cambridge due to the possibility of a further injunction. Laitram's motion to strike the motion to modify the injunction is indicative of the reasons that Cambridge has for being apprehensive that it will face an infringement suit in the near future based on Cambridge's manufacture and sale of the Redesigned Modules.

(Paper # 1, at 3–4). CWC additionally cites a letter from Laitram to a customer, stating that "the implied message in the letter ... is a threat of an infringement action." (Paper # 7, at 7).

This Court is not convinced that CWC has an objectively reasonable apprehension that it would be sued for patent infringe-

ment. First, every business desires to eliminate its competitors, whether it states so or not. Second, CWC states only that it is *likely* that Laitram will advise against the purchase of CWC products, given the injunction. Third, Laitram had a duty as an advocate to respond to the aforementioned motion to strike. Lastly, "[t]he letter in question does not threaten suit on CWC's new product [the redesigned conveyor belt modules]," either expressly or impliedly (Paper # 8, at 2); it merely summarizes the status of Laitram's patent infringement suits against CWC and another company. The facts cited in paragraph 8, together with the letter, simply do not satisfy the "objectively reasonable apprehension of suit" prong of the actual controversy requirement. Absent an actual controversy, a declaratory judgment respecting non-infringement of Laitram's patents would be an advisory opinion, and issuing a declaratory judgment therefore would be an abuse of the judicial process. See *Intern. Medical Prosthetics v. Gore Enterprise,* 787 F.2d at 576. Finally, the Court notes that the Federal Circuit, in affirming this Court's denial of CWC's quest for post-trial relief from the injunction with regard to spare, etc., parts, has already clearly expressed its strong disapproval of deciding hypothetical issues or giving advisory opinions. *Laitrim v. Cambridge Wire Cloth Co.,* No. 86–1295 (Fed.Cir. Jan. 27, 1987) slip op. at 4, [818 F.2d 874 (Table)].

For the aforementioned reasons, defendant Laitram's motion to dismiss plaintiff CWC's complaint for declaratory judgment of non-infringement of patents will be, by separate order, *granted.*

### ORDER

For the reasons stated in the foregoing Memorandum, IT IS this 4th day of February, 1987, by this Court, ORDERED:

(1) That defendant's motion to dismiss BE, and the same hereby IS, GRANTED;

(2) That this case BE, and the same hereby IS, DISMISSED, with each party to bear its own costs.