The LAITRAM CORPORATION & Intralox, Inc., Plaintiffs–Appellants,

v.

The CAMBRIDGE WIRE CLOTH COMPANY, Defendant–Appellee.

No. 90–1129.

United States Court of Appeals, Federal Circuit.

June 11, 1990.

Paul J. Hayes, Weingarten, Schurgin, Gagnebin & Hayes, of Boston, Mass., argued for plaintiffs-appellants. With him on the brief, was Victor B. Lebovici.

William T. Enos, Bernard, Rothwell & Brown, P.C., of Washington, D.C., argued, for defendant-appellee. With him on the brief, was G. Franklin Rothwell.

Before MARKEY, Chief Judge, MILLER, Senior Circuit Judge, and BROWNING, District Judge.*

MARKEY, Chief Judge.

## ORDER

The parties' submission of woefully inadequate and improper briefs has forced the court to take the unusual step of ordering that the case be rebriefed.

The briefs include a plethora of deviations from the rules of proper appellate practice. By way of example, we note here a few deviations. Because this list is not exhaustive the parties should in rewriting their briefs carefully consider each statement.

Each party accuses the other of misrepresenting the record on appeal. Brief for Appellee at 25, 26, 43 & 44; Reply Brief for Appellant at 2, 5, 8 & 10. Cambridge Wire Cloth Company (CWC) says that the Laitram Corporation and Intralox, Inc. (Lai-

tram) is improperly attempting to raise new arguments on appeal. Brief for Appellee at 22, 34 & 48. CWC then proceeds to rebut those arguments. The parties improperly and misleadingly cite events in prior litigation as though those events were before the court in this appeal. Brief for Appellant at 2–3, 5, 14, 15, 17 & 33; Brief for Appellee at 44 & 46; Reply Brief for Appellant at 2 & 18. The parties dispute whether the district court properly relied on another district court's characterization of a reference not in evidence. Brief for Appellant at 27; Brief for Appellee at 26 & 44. The parties cite Bailey's testimony for contradictory propositions. Brief for Appellant at 7; Brief for Appellee at 20 n. 12. Numerous statements are made without citation to the record in violation of Fed.R. App.P. 28(e). Brief for Appellant at 3, 27, 32 & 35; Brief for Appellee at 13 n. 9, 27 n. 17 & 41. It is unclear whether the figure on page 9 of Laitram's brief was before the district court. Brief for Appellant at 9. CWC attempts to circumvent the 50–page limit of Fed.R.App.P. 28(g) by referring to a memorandum in the appendix. Brief for Appellees at 30. The parties dispute the existence of an accused product at the time suit was filed. Brief for Appellee at 4 n. 5; Reply Brief for Appellant at 5–6 n. 1. Neither party addresses the question of a court's jurisdiction over a suit for infringement in the absence of an accused product. *See Lang v. Pacific Marine and Supply Co.*, 895 F.2d 761 (Fed.Cir.1990).

In lieu of struggling to make sense of this morass and imposing appropriate sanctions, *see, e.g., Dreamlite Holdings Limited v. Kraser*, 890 F.2d 1147 (Fed.Cir.1989); *Pac–Tec, Inc. v. Amerace Corp.*, 903 F.2d 796 (Fed.Cir.1990), we set forth a schedule for rebriefing the case.

IT IS ORDERED THAT:

(1) Laitram shall rewrite and resubmit its Brief for Appellant within 20 days of the date of this order.

(2) CWC shall rewrite and resubmit its Brief for Appellee within 14 days of the date of Laitram's Brief for Appellant.

(3) Laitram shall rewrite and resubmit its Reply Brief for Appellant within 5 days of the date of CWC's Brief for Appellee.

(4) Consideration of this appeal is stayed until receipt of Laitram's Reply Brief for Appellant.