956 F.2d 1172
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
THE LAITRAM CORPORATION and Intralox, Inc., Plaintiffs-Appellants,
v.
THE CAMBRIDGE WIRE CLOTH COMPANY, Defendant-Appellee.
 No. 91-1288.
 United States Court of Appeals, Federal Circuit.
 Feb. 6, 1992.
Suggestion for Rehearing In Banc Declined
April 6, 1992.
 
 Before PAULINE NEWMAN, MAYER and CLEVENGER, Circuit Judges.
 PER CURIAM.
 
 
 1
 The judgment of the United States District Court for the District of Maryland, Civil Case No. S 89-756 (February 11, 1991), finding federal subject matter jurisdiction and reinstating the district court's previous grant of summary judgment in favor of the defendant, is affirmed.
 
 
 2
 On previous appeal, Laitram Corp. v. Cambridge Wire Cloth Co., 919 F.2d 1579, 1580, 16 USPQ2d 1929, 1930 (Fed.Cir.1990), this court vacated the district court's summary judgment for the defendant because "no product accused of infringement was before the [district] court ... [and] the present record contains no evidence that any product accused of infringement had been made, used, or sold when the complaint was filed." Such evidence is necessary for the establishment of federal subject matter jurisdiction. Id. at 919 F.2d 1583, 16 USPQ2d 1932; see also Lang v. Pacific Marine and Supply Co., Ltd., 895 F.2d 761, 765, 13 USPQ2d 1820, 1823 (Fed.Cir.1990). Accordingly, the case was remanded to determine whether an accused product existed on the date the complaint was filed. Then, if jurisdiction was established, the district court could proceed on the merits of the infringement claims. Laitram, 919 F.2d at 1583, 16 USPQ2d at 1933.
 
 
 3
 On remand, the district court conducted an evidentiary hearing during which exhibit PX-1 was marked and entered into evidence. Upon the hearing's conclusion, the district court determined that PX-1 is "an exemplar of what could be constructed out of the design that is charged as the infringing design[,]" and that PX-1 had been assembled and offered for sale as of March 15, 1989, the date of suit. Therefore, an accused product existed as of the date of suit and jurisdiction was established. The district court then sua sponte reinstated its original summary judgment in favor of the defendant, observing that it pertained to the "entire complaint."
 
 
 4
 The appellant bears the burden of showing error requiring reversal of the district court's judgment. See Chemical Engineering Corp. v. Essef Industries, Inc., 795 F.2d 1565, 1573, 230 USPQ 385, 391 (Fed.Cir.1986). Laitram must demonstrate the absence of a proper and sufficient basis for summary judgment. Id. This can be accomplished by showing that the moving party is not entitled to a judgment as a matter of law or identifying evidence of record that, when viewed in the light most favorable to the nonmoving party, establishes a genuine issue as to any material fact. Fed.R.Civ.P. 56(c).
 
 
 5
 Laitram contends that the district court did not obey the implicit mandate of this court and erred in reinstating summary judgment without first comparing the claims at issue to PX-1. But this court's previous opinion simply states that "[i]f the district court so finds [that an accused product existed at the date of the complaint], the suit may continue in respect of that product." 919 F.2d at 1583, 16 USPQ2d at 1933. This holding imposes no requirements on the district court beyond those necessary to "continue" any suit.
 
 
 6
 What is left of Laitram's appeal is the contention that the district court committed reversible error in granting summary judgment without first comparing the claims at issue to an accused product. The basis of this argument is that as of the date of the original summary judgment no actual product accused of infringement was admitted into evidence. It is useful to note that the district court is no stranger to these parties or the subject patents. See e.g. Cambridge Wire Cloth Co. v. Laitram Corp., 679 F.Supp. 515, 4 USPQ2d 1812 (D.Md.1987); Laitram Corp. v. Cambridge Wire Cloth Co., 226 USPQ 289 (D.Md.1985).
 
 
 7
 As stated in the original complaint, the accused product in this suit is the CRB-3000 modular plastic belt. In the memorandum accompanying the original grant of summary judgment, the district court made numerous comparisons of the accused CRB-3000 design to the claims at issue and determined that the accused design does not infringe the claims, either literally or under the doctrine of equivalents. Necessarily, the comparisons of the CRB-3000 to the claims at issue encompass PX-1, as PX-1 is an "exemplar," i.e., a typical example, of the accused design. Therefore, the bald accusation that the district court failed to compare the claims at issue to an accused product is simply incorrect.
 
 
 8
 Laitram provides this court with no basis to further review the merits of the summary judgment. Evidence of some form proving that the accused product was made, used, or sold prior to the date of suit is required to establish subject matter jurisdiction, see Laitram, 919 F.2d at 1583, 16 USPQ2d at 1932. But the fact that no actual product accused of infringement was admitted into evidence at the time of the original summary judgment does not, in itself, demonstrate legal error. While an actual accused product may be of significant evidentiary value on the issue of infringement, there is no evidentiary requirement that an accused product be admitted into evidence prior to a grant of summary judgment. What is required is that, based on evidence of record of whatever form, no genuine issue of material fact exists as to whether the accused product infringes the subject claims. Laitram fails to identify any evidence or lack thereof establishing a genuine issue as to any material fact. In fact, Laitram does not offer a single citation to the district court's original record. Instead, it merely cites to its brief from the previous appeal. These references are improper and we do not consider them.