**In re Application of HMB ACQUISITION CORP., Plaintiff,**

v.

**David R. COHEN, et al., Defendants.**

**No. 92 Civ. 5413 (VLB).**

United States District Court, S.D. New York.

Sept. 7, 1992.

William E. Dumke, Worby, PC, White Plains, N.Y., for plaintiff.

Kirschenbaum, Shapiro & Marro, New York City, for defendants.

## MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

### I

This case involves a dispute between a purchaser of assets relating to a condominium project ("HMB") and a homeowners' association which is alleged to have interfered with HMB's contract and other rights. HMB initiated a pre-complaint discovery proceeding in the courts of New York State by *ex parte* order to show cause under CPLR 3102, citing the Racketeer Influenced and Corrupt Organizations Act as one of the statutes which may have been violated. The principal thrusts of the pre-complaint discovery application were to obtain all records of the homeowners' association, and to seek to find out the identity of individual homeowners who may have combined with the leadership and counsel of the association in violating plaintiff's rights through infractions of the RICO statute and by other means.

Defendants removed the proceeding to this court under 28 U.S.C. § 1441 and moved to dismiss the action. Plaintiffs moved to remand and obtained an order to show cause in this court containing interim relief staying other proceedings in the action. They obtained that order to show cause *ex parte* although they had been dealing with defendants' counsel in prior stages of the litigation.

Plaintiff seeks remand on the grounds that the notice of removal was untimely and that the pre-action disclosure application was not a pleading under 28 U.S.C. § 1446(b).

The motions of defendants and of plaintiff are denied.

### II

■ Defendants' notice of removal of July 20, 1992 was filed more than 30 days after service of plaintiff's *ex parte* order to show cause; that service appears to have been made by or about June 5, 1992. Plaintiff concedes that if state court extensions of the time for defendants to respond to the state court order to show cause are recognized as postponing the time from which the 30 day period for removal began to run, the removal was timely.

Plaintiff correctly points out that ordinarily such extensions have no bearing on when under 28 U.S.C. § 1446(a), the original pleading disclosing the claim for relief is received. Here, however, plaintiff contributed to the confusion. It did not set forth in its papers a claim for relief which was by its nature clearly removable. Plaintiff argues that the state court pre-complaint discovery order to show cause was not a pleading within the meaning of the federal removal statutes. Plaintiff thus seems to be asserting that although its state court order to show cause started the time to remove running, it was not a claim for relief for purposes of federal subject matter jurisdiction.

### III

■ Under 28 U.S.C. § 1446(b), if defendants cannot "intelligently ascertain removability," *E.W. Howell Co. v. Underwriters Laboratories,* 596 F.Supp. 1517 (E.D.N.Y.1984), the time to remove does not begin to run. The 30 day removal limit is also akin to the statute of limitations involved in *Schrader v. Royal Caribbean Cruise Lines,* 952 F.2d 1008, 1013 (8th Cir.1991) in which the court noted that " . . . the doctrine of equitable estoppel has been applied to prevent a defendant from relying on a limitations bar if that defendant contributed to confusion . . ."

■ While unexcused dilatoriness in filing notices of removal cannot be condoned, valid reasons for delay in filing notices of removal are recognized. Thus in *Belasco v. W.K.P. Wilson & Sons,* 833 F.2d 277, 282 (11th Cir.1987), the court found that " . . . the ends of justice and judicial efficiency are best served by treating the removal petition as if it had been amended to include [a late-joining defendant]."

Although it is not by itself controlling, I note that plaintiff has made no effort to show that it would be prejudiced if the state court-adjourned deadline for responding to the *ex parte* state court order to show cause was deemed the starting point of the removal period. Where the practical purpose of a rule is satisfied, the rule is appropriately deemed satisfied, absent unjustifiable and unexcused noncompliance with a clearly applicable requirement, not present here. See *Smith v. Barry*, 502 U.S. ——, 112 S.Ct. 678, 116 L.Ed.2d 678 (1992) (fulfillment of purpose of notice of appeal by information furnished held adequate).

## IV

Plaintiff further contends that the pre-action discovery application is not an initial pleading under 28 U.S.C. § 1446(b) and hence not removable at all.

■ The purpose of requiring an initial pleading prior to removal is to establish the nature of the claim, and whether or not there is, in the constitutional sense, a case or controversy. See *Jacobs Inc. v. Manning Mfg. Corp.*, 171 F.Supp. 393 (S.D.N.Y. 1959), cited by plaintiff (and the only authority plaintiff cites on this subject).

Here, unlike the attachment found insufficient to justify removal in *Jacobs*, the state court *ex parte* discovery application did seek substantive relief in the form of discovery—often itself damaging in some circumstances, as indicated by, e.g., *Dole v. Service Employees Union*, 950 F.2d 1456 (9th Cir.1991)—and did state the nature of the claims, specifically designating RICO.

■ Civil cases in federal courts falling within the category of a "civil action" removable pursuant to 28 U.S.C. § 1441 include cases in which the obtaining of information is the only objective of the suit. See, for example, cases brought under the Freedom of Information Act. But the existence of a separate information statute is not essential to such cases: a quest for information is involved when the press seeks access to court records, e.g., *Seattle*

*Times v. Rhinehart*, 467 U.S. 20, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984).

## V

■ A further question which the court must examine is that of subject matter jurisdiction under 28 U.S.C. § 1331. Can subject matter jurisdiction be predicated on the invocation of RICO as a basis for the state court discovery application? In order to find, at least on a tentative basis, subject matter jurisdiction at this juncture, I need not determine that state court pre-action discovery applications arise under every federal statute which may be mentioned in those applications. RICO has unique characteristics as a federal law enforcement device, and there are, with respect to RICO, concomitant risks of abuse. See *HJ, Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989). Federal supervision of the use and interpretation of that significant federal statute, particularly where sought by a targeted party, is important to its objectives even though the ultimate RICO suit may be brought in either state or federal court. See *Tafflin v. Levitt*, 493 U.S. 455, 110 S.Ct. 792, 107 L.Ed.2d 887 (1990). Consequently, it is appropriate to recognize a RICO pre-action discovery claim as a claim "arising under" the text and purpose of RICO for purposes of 28 U.S.C. § 1331.

## IV

The defendants move to dismiss plaintiff's discovery application, citing state court precedent, on the ground that the detailed submissions in support of plaintiff's *ex parte* state court action are insufficient to justify discovery.

I find that plaintiff's factual showing is sufficient as a pleading under Rule 12(b)(6), Fed.R.Civ.P. Since I deny defendants' motion to dismiss on the merits, and do so *after* denying plaintiff's motion to remand, it is not necessary to address the effect on defendants' motion of the *ex parte* stay of all proceedings pending resolution of plaintiff's motion to remand, which was contained in plaintiff's order to show cause in this court.

## VII

Denial of defendants' motion to dismiss does not, however, decide the question of whether or not plaintiff's discovery application should be granted. The parties are directed to consider the following questions in addressing that subject in any subsequent submissions:

1. Is plaintiff's discovery application properly determined under state law (as defendants' motion to dismiss tacitly assumes), or under Rule 27, Fed.R.Civ.P., or by considering both and if so in what manner?

2. Does plaintiff need the discovery requested in order to commence any action it wishes to bring against the parties primarily involved in the alleged violations of its rights?

3. Would disclosure of individual natural persons who may have favored allegedly improper conduct by the leadership of the homeowners' association have an improper chilling effect on freedom of association? See, e.g., *Dole v. Service Employees Union*, 950 F.2d 1456 (9th Cir.1991).

4. Did distribution of copies of the state court *ex parte* order to show cause for discovery occur, as claimed by defendants? If so what implications, if any, does that fact have concerning the purpose or effect of plaintiff's discovery application now pending in this court?

## VIII

This case has been characterized by patterns of *ex parte* submissions and attempted *ex parte* submissions. This is contrary to proper practice. No *ex parte* application may be filed in this case by either party, nor may any papers be filed or submitted to the court or chambers or any emergency judge by either party in connection with this case unless previously served by hand on opposing counsel.

## IX

▮▮▮ Both parties have sought sanctions under Rule 11, Fed.R.Civ.P. against one another during the earliest phases of this litigation. . Neither party has prevailed on the applications with respect to which it sought such sanctions, and sanctions are denied. Counsel for both parties are reminded that Rule 11 applies to invocations of Rule 11. The parties are further reminded that if both sides have engaged in improper litigation conduct, the court may make any monetary sanctions payable to the clerk, rather than to the opposing party. See generally *Liatram Corp. v. Cambridge Wire Cloth Co.*, 919 F.2d 1579 (Fed. Cir.1990); *Donaldson v. Clark*, 786 F.2d 1570 (11th Cir.1986), *modified on other grounds*, 819 F.2d 1551 (11th Cir.1987) (en banc). The permissibility under Rule 11 of the equal and opposite unsuccessful invocations of Rule 11 by both parties to date, together with any future Rule 11 applications made in this case, will be evaluated at the time of the final disposition of this litigation on the merits.

## X

The record in state court and the record after removal in this litigation, including the attachments filed by the parties, suggest that what began as an ordinary business dispute may have ballooned out of proportion through the tit-for-tat of legal gambits.

Consequently, the parties are directed to initiate efforts to settle all of their outstanding disputes through (a) agreement by both sides to halt all legal disputation without prejudice, (b) direct negotiation by counsel, (c) negotiation by the principals or their representatives, if any, who were not directly involved in the dispute, (d) mediation, or (e) arbitration.

Unless agreement on settlement or means of seeking it is reached and the court is so notified by stipulation signed by both parties by November 15, 1992, the court will order consultation with the American Arbitration Association concerning available options for seeking to resolve all disputes of the parties.

I expect no further pleadings initiating further claims by either party against the other to be filed in any court pending ef-

forts at overall settlement as set forth above.

SO ORDERED.